UNITED STATES of America,
Plaintiff–Appellee,

v.

Jay SCHECHTER, Defendant–Appellant.

No. 93–1728.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 28, 1993.

Decided Jan. 10, 1994.

**1118**

Matthew R. Bettenhausen, Asst. U.S. Atty., Crim. Div. (argued), Barry R. Elden, Asst. U.S. Atty., Criminal Receiving, Appellate Div., Chicago, IL, for U.S.

Jed Stone, Law Offices of Jed Stone, Chicago, IL (argued), for Jay Schechter.

Before BAUER, WOOD, and ESCHBACH, Circuit Judges.

BAUER, Circuit Judge.

Jay Schechter pleaded guilty to income tax evasion and to willfully failing to file an income tax return in violation of 26 U.S.C. §§ 7201 and 7203. The district court sentenced Schechter to eighteen months in prison to be followed by a three year term of supervised release. The court also ordered, as a condition of his supervised release, that Schechter notify all employers of his past criminal conduct and current status on supervised release, and that Schechter allow the Probation Department to verify that notification.

Schechter challenges this aspect of his sentence. He says that he is a computer consul-tant by occupation and that reference to his prior criminal background is sure to spread to all those in what he describes as the small community of computer consultant employ-ers. Once word of his criminal history spreads, he says, he will be prevented from obtaining gainful employment in the comput-er consulting industry. Schechter contends that the net result is that this condition violates the Fifth Amendment Due Process Clause and the Eighth Amendment's prohibi-tion against cruel and unusual punishment. Schechter also claims that Congress did not authorize the district court to impose such a condition of supervised release. Schechter raises one other issue. He says that the district court erred when it did not depart downward from the United States Sentenc-ing Guidelines due to his alleged reduced mental capacity.

We address first Schechter's chal-lenge to the district court's decision to re-quire him to report his past criminal conduct and status on supervised release to employ-ers. We defer to the district court's decision to impose special conditions of supervised release and review those conditions under the deferential abuse of discretion standard. *United States v. Kosth,* 943 F.2d 798, 800 (7th Cir.1991); *United States v. Showalter,* 933 F.2d 573, 574 (7th Cir.1991). Congress has given the district courts broad discretion in imposing special conditions of supervised release. As pertinent here, the district court must consider a variety of factors at sentenc-ing, including the "history and characteristics of the defendant [and] the need for the sen-tence imposed ... to protect the public from further crimes by the defendant." 18 U.S.C. §§ 3553(a)(1), (a)(2)(C). The court may or-der a variety of discretionary conditions of supervised release, including that a defen-dant engage in a specific occupation under stated circumstances. 18 U.S.C. §§ 3563(b)(6), 3583(d).[1] Such conditions can

---

1. Section 3563 provides in pertinent part:

    **(b) Discretionary conditions.**—The court may provide, as further conditions of a sentence of probation, to the extent that such conditions are reasonably related to the factors set forth in section 3553(a)(1) and (a)(2) and to the extent that such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)(2), that the defendant—

    \* \* \* \* \*

    (6) refrain, in the case of an individual, from engaging in a specified occupation, business, or profession bearing a reasonably direct rela-tionship to the conduct constituting the of-fense, or engage in such a specified occupa-

vary, according to particular circumstances. We have upheld conditions ranging from prohibiting a defendant from associating with particular groups, like neo-Nazis and "skinheads," *Showalter*, 933 F.2d at 574–76, and avoiding any contact with firearms. *United States v. Ross*, 9 F.3d 1182 (7th Cir.1993).

Here, the district court considered Schechter's crime and also his criminal history. The Presentence Report prepared for this case reveals that Schechter is a self-employed computer consultant with an extended arrest and conviction record. In 1985, Schechter was convicted of theft after he admitted that he took money from his employer. The court in that case ordered Schechter to pay more than $17,000 in restitution. Again in 1985, Schechter pleaded guilty to theft from another employer, the St. Joseph's Catholic Church in Elgin, Illinois. In that case, Schechter embezzled more than $40,000. Most recently, in 1991, Schechter was charged with theft from yet a third employer. The case was still pending when the Presentence Report was completed. Even in this 1991 case, though, Schechter admitted that he took at least $38,000 from his employer. He maintains, however, that his actions were not criminal.

The district court considered Schechter's background and imposed the condition that he notify any employer of his past criminal conduct and status on supervised release. After sentencing, Schechter filed a motion to reconsider and challenged, among other things, this aspect of his sentence. The court noted that it did not want to hamstring Schechter's ability to earn a living, but also did not want Schechter "in a position of either affirmatively or passively deceiving anybody." Tr. of March 18, 1993 at 4. The court also observed that it does "not get too many cases where a person almost everywhere he has gone in an employment situation ... finds some way to flim-flam his employer." *Id.* at 17. With these factors in mind, the court denied Schechter's motion to reconsider. The court did, however, clarify exactly what it meant by the notification requirement. Schechter will not be required to notify his "employer" if he works as an independent contractor. He will be required to notify his employer only if he enters into an employer-employee relationship.

The district court carefully reviewed Schechter's prior conduct and the need to protect the public from Schechter. The court then imposed as a condition of supervised release that Schechter notify employers of his past criminal conduct. Sections 3553(a), 3563(b)(6), and 3583(d) authorized the district court to impose this condition and nothing in the Fifth or Eighth Amendments prohibited this condition. The court did not abuse its broad discretion when it required Schechter to notify employers of his past criminal conduct and current status on supervised release.

■ Schechter also argues that the district court erred when it denied his motion for a downward departure pursuant to section 5K2.13 of the Guidelines. Section 5K2.13 allows the district court to depart downward if a defendant commits a "nonviolent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants." U.S.S.G. § 5K2.13. According to

---

tion, business, or profession only to a stated degree or under stated circumstances....

18 U.S.C. § 3563(b)(6). Section 3583(d) states in relevant part:

    **(d) Conditions of supervised release.**—The court shall order, as an explicit condition of supervised release, that the defendant not commit another Federal, State, or local crime during the term of supervision and that the defendant not possess illegal controlled substances. The court may order, as a further condition of supervised release, to the extent that such condition—

    **(1)** is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);

    **(2)** involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and

    **(3)** is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a);

any condition set forth as a discretionary condition of probation in section 3563(b)(1) through (b)(10) and (b)(12) through (b)(20), and any other condition it considers to be appropriate.

18 U.S.C. § 3583(d).

Schechter, the court should have departed downward because he had a diminished mental capacity at the time he committed the offenses that led to his guilty plea.

■ Generally, we lack jurisdiction to review a district court's refusal to depart from the Guidelines. *United States v. Gio,* 7 F.3d 1279, 1291 (7th Cir.1993). We review a district court's decision not to depart only when the court's decision results from the court's mistaken conclusion that it lacked the authority to depart. *Id.; United States v. Gaines,* 7 F.3d 101, 105 (7th Cir.1993).

At the sentencing hearing in this case, the court considered Schechter's motion for sentencing, the medical reports Schechter submitted, and his mental condition. The court then rejected the idea that a downward departure was appropriate. Tr. of March 1, 1993 at 11. The court clearly knew it had the authority to depart downward. It simply declined to do so after it considered the circumstances of this case. We are without jurisdiction to review the court's decision. We dismiss Schechter's appeal insofar as it asks us to review the district court's refusal to depart downward from the Guidelines.

Schechter's sentence is

AFFIRMED.