37 F.3d 1501
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Monica FRAZIER, Defendant-Appellant.
 No. 93-2741.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 6, 1994.*
Decided Oct. 18, 1994.
 
 Before PELL, COFFEY and EASTERBROOK, Circuit Judge.
 
 ORDER
 
 1
 Monica Frazier appeals the district court's refusal to depart from the Sentencing Guidelines range because of her diminished mental capacity. U.S.C.G. Sec. 5K2.13 (allowing the district court to depart downward if a defendant commits a "non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants"). Generally, we lack jurisdiction to review a district court's refusal to depart from the Guidelines. United States v. Schechter, 13 F.3d 1117, 1119 (7th Cir.1994). "We review a district court's decision not to depart only when the court's decision results from the court's mistaken conclusion that it lacked the authority to depart." Id.; United States v. Gio, 7 F.3d 1279, 1291 (7th Cir.1993).
 
 
 2
 At the sentencing hearing, the district court reflected on the testimony received, other evidence in the record, and the opinion from this court, see United States v. Frazier, 979 F.2d 1227 (7th Cir.1992), and held that the evidence presented in support of the motion for downward departure did not demonstrate that Frazier's reduced mental capacity contributed to the commission of the offense. The district court's holding demonstrates that the district court knew it had the authority to depart downward, but declined to do so after reviewing the testimony of the experts and the circumstances of the case. We therefore DISMISS this case for lack of jurisdiction.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs