37 F.3d 1501
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Zlatko A. MEJASKI, Defendant-Appellant.
 No. 93-1642.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 18, 1994.*
Decided Oct. 21, 1994.
 
 Before BAUER, RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Zlatko A. Mejaski pled guilty to a one-count information charging him with bank robbery in violation of 18 U.S.C. Sec. 2113(a). On appeal, Mejaski's sole challenge is aimed at the district judge's refusal to make a downward departure when imposing sentence. We find that we lack jurisdiction to review Mejaski's claim, and we dismiss his appeal.
 
 I. BACKGROUND
 
 2
 In October 1992, Mejaski held up the Steel City National Bank in Chicago. He had entered the bank unarmed, approached a bank teller, and demanded all of the money in her drawer. Mejaski threatened to kill the teller if she refused to comply. She gave him $4,106 belonging to the bank. A security guard apprehended Mejaski before he was able to escape. All of the money was recovered.
 
 
 3
 In December 1992, Mejaski entered a plea of guilty. Before sentencing, Mejaski filed a motion for downward departure on the basis that the robbery was a single act of aberrant behavior. The district court denied the motion, finding that the Sentencing Commission had considered "the precise circumstance of this defendant and his offense." United States v. Mejaski, 92 CR 951-1 (N.D.Ill. March 4, 1993) (order denying motion for downward departure). The court then sentenced Mejaski to 37 months' imprisonment, the minimum time possible under the Guidelines.
 
 
 4
 In March 1993, Mejaski filed this appeal from the denial of his motion for downward departure. In January 1994, the government moved to dismiss the appeal for lack of jurisdiction. This court agreed to consider the government's motion to dismiss and Mejaski's response with the case.
 
 II. ANALYSIS
 
 5
 On appeal, Mejaski contends that the district court erroneously believed that it lacked authority to impose a sentence below the Guideline range. Based on the argument that his was a single aberrant act, Mejaski argues that the court should have departed downward from the prescribed guidelines. See 18 U.S.C. Sec. 3553(b); U.S.S.G. Sec. 5K2.0 et seq.[1] Cf. USSG Ch. 1, Pt. A, Intro. p (d) (single act of aberrant behavior may justify probation).
 
 
 6
 Generally, we lack jurisdiction to review a district court's refusal to depart from the applicable range of the Sentencing Guidelines. United States v. Winston, No. 94-1405, 1994 WL 487869, at * 6 (7th Cir. Sept. 12, 1994). However, if a decision not to depart is based on a mistaken belief that the judge lacked the authority to depart, it is reviewable on appeal. United States v. Gomez, 24 F.3d 924, 927 (7th Cir.1994), cert. denied, 1994 WL 450125 (U.S. Oct. 3, 1994); United States v. Schechter, 13 F.3d 1117, 1120 (7th Cir.1994). Neither Mejaski nor the government disputes these principles. Instead, the parties disagree as to whether Judge Lindberg exercised his discretion in denying the downward departure or whether he mistakenly believed that the Guidelines did not grant him the authority to depart for aberrant behavior.
 
 
 7
 We believe Judge Lindberg exercised his discretion. In his order denying Mejaski's motion for a downward departure, Judge Lindberg determined that the Guidelines had taken into account all of the relevant factors of this case:
 
 
 8
 Defendant has moved for a downward departure because defendant's bank robbery was his first offense, he is an alcoholic who is now engaged in a post-offense treatment program, has a military record, has been gainfully employed and supports his mother.
 
 
 9
 In fact, the defendant fits precisely the profile of most bank robbers who come before this court; they are not the Dillingers or Baby Face Nelsons of criminal folklore. Indeed, they have frequently recently suffered the loss of a loved one as in the instant case where defendant recently lost his father. They are commonly alcoholics and have no previous criminal record, save perhaps convictions for DUI.
 
 
 10
 ....
 
 
 11
 In sum, there is virtually no likelihood that the Sentencing Commission did not adequately consider the precise circumstance of this defendant and his offense.
 
 
 12
 United States v. Mejaski, 92 CR 951-1 (N.D.Ill. March 4, 1993) (order denying motion for downward departure) (emphasis added).
 
 
 13
 Judge Lindberg's statement does not show that he believed he lacked authority to depart from the Guidelines. It does demonstrate, however, that he was aware that 18 U.S.C. Sec. 3553(b) authorizes departures to account for factors not taken into consideration by the Sentencing Commission in formulating the Guidelines. Judge Lindberg concluded that the Commission had adequately considered the circumstances of this case. Because we have no reason to believe that the district judge was unaware of his authority to depart, we presume that the judge declined to depart as a matter of discretion. United States v. Rosalez-Cortez, 19 F.3d 1210, 1221 (7th Cir.1994); see also United States v. Abbott, 30 F.3d 71, 73 (7th Cir.1994).
 
 
 14
 We therefore lack jurisdiction to review the district judge's discretionary determination that the Guidelines adequately accounted for the factors that Mejaski raised in support of downward departure. See United States v. Brown, 14 F.3d 337, 340 (7th Cir.1994) (jurisdiction lacking to review district court's refusal to depart downward to account for defendant's history of community service), cert. denied, 1994 WL 286389 (U.S. Oct. 3, 1994). Accordingly, we dismiss Mejaski's appeal asking us to review the district court's refusal to depart from the Guidelines. See United States v. Schechter, 13 F.3d 1117, 1120 (7th Cir.1994) (dismissing appeal taken from district court's refusal to depart because of defendant's diminished mental capacity); United States v. Gulley, 992 F.2d 108, 112 (7th Cir.1993) (dismissing appeal of sentence based on district court's refusal to depart for aberrant behavior).
 
 
 15
 Mejaski's appeal of his sentence based on the district court's refusal to make a downward departure is DISMISSED, and the sentence imposed is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 18 U.S.C. Sec. 3553(b) and Guidelines Section 5K2.0 permit a departure only if the district court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."