41 F.3d 1511
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick A. BUNGE, Defendant-Appellant.
 No. 94-1138.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 13, 1994.
Decided Nov. 16, 1994.
 
 Before POSNER, Chief Judge, and BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Patrick A. Bunge was convicted of three counts of knowingly and unlawfully aiding and abetting a convicted felon in the receipt of firearms, in violation of 18 U.S.C. Secs. 922(g)(2) and (2)(a). Bunge maintains that his conviction must be vacated and the case remanded for a new trial on the basis of prosecutorial misconduct. Bunge also appeals the district court's failure to depart downward in setting his sentence. We affirm the district court.
 
 ANALYSIS
 
 2
 As the relatively complex facts of this case have been fully presented in the briefs and at oral argument, they will not be presented again here.
 
 I. Prosecutorial Misconduct
 
 3
 In essence, Bunge maintains that Assistant United States Attorney Timothy O'Shea engaged in prosecutorial misconduct when he stated during Bunge's trial that defense witness Brian Havitz's stipulation agreement with the government had been invalidated by Havitz's false testimony. Given that the government ultimately went through with Havitz's stipulation agreement after Bunge's trial, Bunge maintains that O'Shea's comments misled the jury and deprived the defense of Brady material.
 
 
 4
 A conviction will be reversed for serious prosecutorial misconduct if the government fails to show the conduct was harmless beyond a reasonable doubt. United States v. Severson, 3 F.3d 1005, 1014 (7th Cir.1993).[1] Prosecutorial misconduct claims are evaluated with a two-step analysis: 1) the court must evaluate whether the prosecutor's comments were improper, and 2) if the comments were improper, the court must evaluate, in light of the entire record, whether the defendant was deprived of a fair trial. Patel v. United States, 19 F.3d 1231, 1237 (7th Cir.1994). Bunge's claim founders at the first step.
 
 
 5
 O'Shea did not have the authority to invalidate Havitz's agreement with the government; any decision regarding Havitz's agreement could only be made by O'Shea's superiors in the United States Attorney's Office after duly considering the matter. Therefore, this is not a newly discovered evidence case. The most O'Shea's comments could be considered is his opinion as to the consequences of Havitz's conduct. O'Shea's comments would not be misleading to the jury if he honestly believed, at the time he made his remarks, that Havitz had repudiated his agreement.
 
 
 6
 Events subsequent to the Bunge trial indicate O'Shea was in earnest. Havitz's remarks prompted negotiations for a guilty plea on the count relevant to his false testimony, and a guilty plea was ultimately arranged but withdrawn at the eleventh hour. (See Docket # 87, Docket # 98). Further, Judge Crabb presided over both the Bunge and Havitz proceedings and was fully aware of O'Shea's actions in prosecuting both cases and Havitz's inconsistent testimony. There was no realistic probability Judge Crabb could be misled, and she properly concluded O'Shea engaged in no misconduct.[2]
 
 
 7
 One fact regarding O'Shea's conduct does warrant further comment, however. O'Shea failed to appear at the hearing regarding Bunge's motion for a new trial on the grounds of prosecutorial misconduct. An attorney's reputation for integrity is an asset of inestimable value, particularly when that attorney represents the United States government. While the record ultimately vindicated him, the far better course for O'Shea would be to have appeared at the hearing and promptly defend his actions.
 
 II. Downward Departure
 
 8
 Bunge argues that the district court abused its discretion by failing to depart downward. We must conclude we lack jurisdiction to review this issue.
 
 
 9
 It is well-established in this circuit that the decision to depart downward is wholly within the discretion of the district court and there is no appellate jurisdiction to review such a decision, unless the decision was based on an erroneous belief on the part of the district judge that she lacked the authority to depart. United States v. Schechter, 13 F.3d 1117, 1120 (7th Cir.1994); United States v. Gio, 7 F.3d 1279, 1291 (7th Cir.1993); United States v. Gaines, 7 F.3d 101, 105 (7th Cir.1993). There is no evidence indicating Judge Crabb had such an erroneous belief. Judge Crabb fully evaluated the facts and law relevant to departure with counsel and concluded departure was unwarranted given the extreme danger illegal weapons sales pose to society. (See Docket # 122, pp. 27-37, 57-60).
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 The parties dispute the appropriate standard of review. The government asserts the proper standard is plain error, given Bunge did not object at trial. Bunge maintains the harmless beyond a reasonable doubt standard applies. Given that the defense could not have discovered the government's conduct was potentially wrongful until after the trial, we conclude the harmless beyond a reasonable doubt standard applies. See Patel v. United States, 19 F.3d 1231, 1237 (7th Cir.1994); United States v. Severson, 3 F.3d 1005, 1014 (7th Cir.1993)
 
 
 [2]
 Bunge's argument that the prosecutor engaged in misconduct by making disparaging comments about defense counsel, such as calling counsel a "magician" who was trying to "trick" the jury, can be disposed of quickly. This court evaluated nearly identical comments in Lindgren v. Lane, 925 F.2d 198, 204-205 (7th Cir.1991), cert. denied, 112 S.Ct. 105 (1991), and concluded that such comments were harmless unless excessive. A review of the record indicates that the comments by O'Shea were not excessive