65 F.3d 170
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Philip Gerard DAVIS, Defendant-Appellant.
 No. 94-1207.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 24, 1995.
Decided Aug. 31, 1995.
 
 Before BAUER, Hon. Frank H. EASTERBROOK and Hon. Daniel A. MANION, Circuit Judges.
 
 ORDER
 
 1
 Philip Gerard Davis pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute cocaine base in violation of 21 U.S.C. Secs. 841(a)(1) and 846, and one count of carrying a firearm in relation to drug trafficking in violation of 18 U.S.C. Sec. 924(c). The district court sentenced him to 195 months of imprisonment and 5 years of supervised release, and ordered him to pay a $100 special assessment. Davis appeals, but his counsel requests permission to withdraw because he considers any issue raised on appeal to be frivolous. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). We informed Davis of his right to respond to his counsel's motion, which he did not exercise. See Cir.R. 51(a). Because we agree that there is no meritorious issue to appeal, we grant counsel's motion.
 
 
 2
 On July 16, 1993, Davis pleaded guilty to conspiring to distribute crack cocaine in Cairo, Illinois with Michael Earl Roberts and Anthony Garrett. Davis procured approximately 14 1/2 ounces of crack cocaine from Houston, Texas; Deandre Lampkins and Garrett transported the cocaine from Houston to Cairo; and Lampkins, Darrell Williams, Roberts, and Davis distributed the cocaine in and around the McBride Housing project in Cairo. At the time of his arrest, Davis possessed a sawed-off shotgun.
 
 
 3
 The presentence investigation report evaluated Davis' net offense level at 35 and his criminal history category to be VI, translating into a sentence range of 292 to 365 months for Count One, plus a mandatory 10 year consecutive sentence for Count Two. The government moved for downward departure pursuant to U.S.S.G. Sec. 5K1.1 because of Davis' substantial cooperation with the government, and recommended a net sentence of 16 years, 3 months. The district court adopted the government's recommendation and sentenced Davis to 195 months of imprisonment. Davis now appeals arguing that the district court erred by departing only on Count One.
 
 
 4
 We will grant an Anders motion only when we are satisfied that counsel has conscientiously examined the case, United States v. Kellum, 42 F.3d 1087, 1096 (7th Cir.1994) (citing Anders, 386 U.S. at 744), and that the potential issues on appeal are groundless in light of legal principles and rulings. Id. (citing United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993)).
 
 
 5
 During the sentencing hearing, Davis received the assistance of counsel and had an opportunity to review and comment on the presentence report. The district court informed Davis that he had a right to appeal his sentence. Thus, Davis received the procedural protections provided by Fed.R.Crim.P. 32.
 
 
 6
 The district court did not err in applying the Sentencing Guidelines. See 18 U.S.C. Sec. 3742(a); Williams v. United States, 503 U.S. 193, 198-99 (1992). Davis pleaded guilty to conspiring to distribute at least 500 grams but less than 1.5 kilograms of cocaine base, which amounts to a base offense level of 36. U.S.S.G. Sec. 2D1.1(c)(4). The district court added two levels for obstruction of justice, U.S.S.G. Sec. 3C1.1, and deducted three levels for acceptance of responsibility. U.S.S.G. Sec. 3E1.1(b). Pursuant to the government's 5K1.1 motion for downward departure, the district court imposed a net sentence of 16 years, 3 months: 75 months for Count One--equivalent to an offense level of 19--and 10 years for count two. See 18 U.S.C. Sec. 3553(e) (district court can impose a sentence below a statutory minimum only upon motion by the government). We lack jurisdiction to review any challenges to the district court's decision to downward depart. See United States v. Schechter, 13 F.3d 1117, 1119-20 (7th Cir.1994); United States v. Gio, 7 F.3d 1279, 1291 (7th Cir.1993).
 
 CONCLUSION
 
 7
 As the record reveals no other arguably meritorious issue for appeal, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED as frivolous.