77 F.3d 485
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Scott ROBERTS, Defendant-Appellant.
 No. 94-2822.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 26, 1995.
Decided Feb. 15, 1996.
 
 Before BAUER, Circuit Judge, MANION, Circuit Judge, and KANNE, Circuit Judge.
 
 ORDER
 
 1
 Scott Roberts appealed from his sentence for conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. In a published opinion issued February 9, 1996, we affirmed the sentences of two of Scott Roberts' co-conspirators, Stacy Lanterman and Charles Roberts. See United States v. Lanterman, (7th Cir. Feb. 9, 1996). Because the facts surrounding this appeal are set forth in that published decision, we mention additional facts here only as they are relevant to Scott Roberts.
 
 
 2
 Roberts appealed his sentence, but his counsel has requested permission to withdraw because he considers any issue raised on appeal to be frivolous. See Anders v. California, 386 U.S. 738 (1967).
 
 
 3
 We will grant an Anders motion only when we are satisfied that counsel has conscientiously examined the case, United States v. Kellum, 42 F.3d 1087, 1096 (7th Cir.1994), and that the potential issues on appeal are groundless in light of legal principles and rulings. United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993).
 
 
 4
 After Roberts pleaded guilty, his presentence report attributed to him 587 grams of powder cocaine and .1 gram of crack cocaine. However, the district court allowed Roberts' objections to the quantities alleged in the report, and held Roberts accountable for only 283.5 grams of cocaine. Under U.S.S.G. § 2D1.1(c)(12), this amount yields a base offense level of 20. The district court then deducted three points for acceptance of responsibility and the timeliness of that acceptance. See U.S.S.G. § 3E1.1(a), § 3E1.1(b)(2)(A). The net result was an offense level of 17 and a criminal history in Category I, which yielded a sentencing range 24 to 30 months. Pursuant to the government's motion under U.S.S.G. § 5K1.1, the district court departed downward and sentenced Roberts to 15 months imprisonment. See 18 U.S.C. § 3553(e) (allowing the district court to impose a sentence below the mandatory minimum only upon motion by the Government). On March 13, 1995, the Government moved under Federal Rule of Criminal Procedure 35(b) to reduce further the defendant's sentence. The district court allowed the motion and resentenced Roberts to twelve months and one day imprisonment.
 
 
 5
 Despite these reductions in his sentence, Roberts nevertheless appeals. Roberts contends that the district court should have departed downward further. However, as the appellant's brief has noted, we lack jurisdiction to review any challenges to the district court's decision to depart downward. See United States v. Schechter, 13 F.3d 1117, 1120 (7th Cir.1994).
 
 
 6
 Our review of the record reveals no other arguably meritorious issue for appeal, counsel's motion to withdraw therefore is GRANTED and the appeal is DISMISSED as frivolous.