77 F.3d 485
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John J. MARTIN, Defendant-Appellant.
 No. 95-2889.
 United States Court of Appeals, Seventh Circuit.
 Feb. 21, 1996.
 
 Before PELL, FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 John J. Martin pleaded guilty to one count of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), and was sentenced to 33 months' imprisonment, to run concurrently with the undischarged portion of a previous sentence imposed by the State of Illinois, 5 years of supervised release, and ordered to pay a special assessment of $50 and restitution of $4,335. Martin's counsel, finding no non-frivolous grounds on which to base an appeal, seeks leave to withdraw. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967). We informed Martin of his right to respond to his counsel's motion, which he did not exercise. See Cir.R. 51(a). After reviewing the record, we grant counsel's motion and dismiss Martin's appeal.
 
 
 2
 After being arrested for possession of 14 grams of cocaine, Robert Flint agreed to cooperate with agents from the Federal Bureau of Investigations (FBI) and the Oneida County Sheriff's Department in the investigation of his supplier, John Martin. Flint called Martin three times during the summer of 1994 to buy cocaine. FBI agents monitored these phone calls, and after each call, observed Martin pick up Flint in a parking lot, drive for a short time with Flint in the car, and return Flint to the parking lot. After each car ride, Flint produced for the agents a white crystal powder he received from Martin that later tested positive for the presence of cocaine. The weight of the cocaine sold was 29.649 grams, 38.267 grams, and 55.278 grams. After the third sale, Martin was arrested for drug trafficking.
 
 
 3
 Pursuant to Martin's arrest, the agents searched his car and person for weapons or drugs. They discovered another 1.5 grams of cocaine. Martin also consented to a search of his residence and agents found 18.622 grams of cocaine in the basement bathroom closet and a cigar box containing a substance resembling marijuana. Martin agreed to cooperate with the agents and provided information regarding his cocaine source. On May 22, 1995, Martin pleaded guilty to one count of distribution of cocaine.
 
 
 4
 We will grant an Anders motion only when we are satisfied that counsel has conscientiously examined the case, United States v. Kellum, 42 F.3d 1087, 1096 (7th Cir.1994) (citing Anders, 386 U.S. at 744), and that the potential issues on appeal are groundless in light of legal principles and rulings. Id. (citing United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993)).
 
 
 5
 Our independent review of the plea hearing transcript reveals that the district court followed the procedures outlined in Federal Rule of Criminal Procedure 11. The district court questioned Martin and concluded that Martin's guilty plea was made knowingly, intelligently, and voluntarily, with the assistance of counsel, and with a full understanding of the nature of the charge against him and of the constitutional rights he would be waiving by pleading guilty. Fed.R.Crim.P. 11(c)(1), (3)-(5), (d). The district court also informed Martin that he could be sentenced to a maximum of 20 years' imprisonment and a million dollar fine. Fed.R.Crim.P. 11(c)(1) (judge must explain the consequences of a plea of guilty). There is no potentially meritorious issue for appeal arising out of Martin's guilty plea hearing.
 
 
 6
 During the sentencing hearing, Martin received the assistance of counsel and had an opportunity to review and comment on the presentence report. The district court informed Martin that he had a right to appeal his sentence. Thus, Martin received the procedural protections provided in F.R.Crim.P. 32.
 
 
 7
 The only issues identified by counsel as possible issues on appeal are whether the court should have granted Martin a downward departure because of his cooperation with the agents and whether the district court erred in determining the amount of cocaine. Unless the district court believed it lacked the authority to downward depart, we would lack jurisdiction to review any challenges to the district court's decision to downward depart or its discretion to sentence Martin within the sentencing range. See United States v. Schechter, 13 F.3d 1117, 1119 (7th Cir.1994); United States v. Gio, 7 F.3d 1279, 1291 (7th Cir.1993). The transcript shows that the district court recognized its discretion to depart or to impose the maximum sentence authorized under the Guidelines. Therefore, we are without jurisdiction to review the district court's discretionary decision to depart.
 
 
 8
 At the sentencing hearing, Detective Sergeant John Sweeny of the Oneida County Sheriff's Department testified that Martin provided Flint with cocaine every week or every other week, without interruption, from the Fall of 1993 until the Spring of 1994. The sentencing court held it reasonable to conclude that Martin supplied Flint with approximately 14 grams of cocaine every three weeks from October 1993 through June of 1994. Thus, the total amount Martin distributed at this time was 168 grams of cocaine. When added to the amount of cocaine recovered by the agents, including the 14 grams recovered from Flint's arrest, the court determined that Martin had distributed a total of 325.316 grams of cocaine.
 
 
 9
 Martin's attorney identifies one possibly meritorious issue arising from Sweeny's testimony that there were no gaps longer than two weeks in Martin's supply of cocaine to Flint from October of 1993 until June of 1994. Under U.S.S.G. §§ 1B1.3(a)(2) and 3D1.2(d), a district court may increase a defendant's base offense level to account for "relevant conduct," which includes drugs from any transactions of which he was aware or should have reasonably foreseen. United States v. Phillips, 37 F.3d 1210, 1213 (7th Cir.1994). The district court determines the quantity of drugs related to the convicted offense by a preponderance of the evidence. United States v. Shorter, Nos. 94-1465 & 94-1663 (7th Cir. May 4, 1995). We accept a sentencing court's determination of the quantity of drugs absent clear error. United States v. Johnson, 46 F.3d 636, 637 (7th Cir.1995). Martin suggests that because Sweeny's testimony was based on interviews with Flint, and Flint's statements to the agents regarding the quantity of cocaine were inconsistent, Sweeny's testimony was not credible. The court weighed Sweeny's testimony and estimated that Martin supplied 14 grams of cocaine every three weeks during that period, which the court estimated to be 12 transactions. Because the district court had a reasonable basis for determining that there were no significant gaps in Martin's supply of cocaine to Flint, there was no clear error. See Anderson v. City of Bessemer, 470 U.S. 564, 575-76, 105 S.Ct. 1504, 1512 (1985) (if evidence is not implausible or internally inconsistent, credibility determination can virtually never be clear error).
 
 
 10
 Finally, we must consider whether the district court erred in applying the Sentencing Guidelines. See 18 U.S.C. § 3742(a); Williams v. United States, 503 U.S. 193, 198-99 (1992). The district court found Martin accountable for a total of 325.316 grams of cocaine. This amount translates into a base offense level of 22 under the Sentencing Guidelines. See U.S.S.G. § 2D1.1(c)(11). The court credited Martin with a three level reduction for acceptance of responsibility, see U.S.S.G. § 3E1.1(a), which created a net offense level of 19. His criminal history cateogry was 1, translating into an imprisonment range of 30 to 37. The district court sentenced Martin to 33 months imprisonment. We conclude that the district court correctly applied the Guidelines to Martin's case.
 
 
 11
 As the record reveals no other arguably meritorious issue for appeal, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED as frivolous.