132 F.3d 37
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark A. PETERS, Defendant-Appellant.
 No. 97-1707.
 United States Court of Appeals, Seventh Circuit.
 Nov. 25, 1997.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, No. 96-CR-236; Rudolph T. Randa, Judge.
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a written plea agreement, Mark A. Peters pleaded guilty to one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Peters to 37 months' incarceration. Peters's counsel now seeks to withdraw on the ground that there are no nonfrivolous issues to be raised on appeal. Anders v. California, 386 U.S. 738 (1967); United States v. Wagner, 103 F.3d 551 (7th Cir.1996). Because counsel's Anders brief is adequate on its face, we limit our review of the record to those issues raised in counsel's brief. Wagner, 103 F.3d at 553; F.3d at 553; see also United States v. Tabb, 125 F.3d 583, 584 (7th Cir.1997). Pursuant to Circuit Rule 51(a), Peters was notified of his counsel's actions and was given an opportunity to respond, which he did.
 
 
 2
 In September 1996, Peters initiated the purchase of a handgun at the Badger Guns & Ammo firearm dealer in Milwaukee. He filled out a State of Wisconsin form with his name, address, and Wisconsin identification card number, but indicated on the form that he was not a convicted felon. Shortly thereafter, the West Milwaukee Police Department contacted Alcohol, Tobacco, and Firearms (ATF) Agent Scott Perala about Peters initiating the purchase of a firearm. Agent Perala ran a criminal history check of Peters finding that Peters had been convicted of two felony crimes in Cook County, Illinois. Due to the 48-hour waiting period for the purchase of a handgun in Wisconsin, Agent Perala, under the guise of a Badger Guns & Ammo employee, called Peters several days later to complete the firearm purchase. When Peters returned to the firearm dealer he filled out an ATF form giving all identifying information correctly. but failing to disclose a felony conviction. After filling out this second form, Peters paid for the firearm and a gun shop employee handed him the gun. Agent Perala then arrested Peters.
 
 
 3
 The Presentence Investigation Report (PSR) recommended that Peters's total offense level was 17 and his Criminal History Category was IV. At the sentencing hearing, Peters moved for a downward departure on the ground that his Criminal History Category IV significantly overrepresented the seriousness of his criminal history and that the case did not fall within the heartland of felon in possession cases. At sentencing, the government opposed the downward departure emphasizing that Peters was subject to a Milwaukee County domestic violence restraining order at the time of the attempted firearm purchase. After careful review, the district court concluded that Category IV did not significantly overrepresent the seriousness of Peters's criminal history. Although the court acknowledged the restraining order and discussed domestic violence on the record, the court concluded that: "I didn't use the restraining order as a basis--or I am not going to use the restraining order as a basis for sentencing." The record indicates that the sentencing judge relied on the gravity of the offense and Peters's character and background.
 
 
 4
 In his Rule 51 response, Peters argues that Agent Perala misled him to believe that he was not a convicted felon; therefore, he was unsure of his felony status. In a similar vein, in her Anders brief counsel asserts the potential claims that Peters did not know he had prior felony convictions due to his self-described personality disorder and learning disability and that the gun purchase could not have been completed without the ATF agent's inducement. However, the record indicates that Peters voluntarily and knowingly pleaded guilty and there is no indication that he desires to withdraw his guilty plea. By voluntarily pleading guilty, Peters has waived all non-jurisdictional defenses to his crime. United States v. Nunez, 958 F.2d 196, 200 (7th Cir.), cert. denied, 506 U.S. 857 (1992). Entrapment is a non-jurisdictional defense on the merits. Id. Peters's claim of his convicted felon status is also waived, as the legal effect of a guilty plea is that the facts as charged are admitted. Id. Therefore, Peters's claims in his Rule 51(a) response and counsel's potential arguments based on the same claims are frivolous.
 
 
 5
 Last, Peters's counsel raises the potential claim that it was improper for the district court to deny Peters's motion for a downward departure at sentencing because the court relied on a Milwaukee County restraining order and made comments about potential domestic violence. This court lacks jurisdiction to review the sentencing court's discretionary decision not to depart under U.S.S.G. § 4A1.3. 18 U.S.C. § 3742(a); United States v. Franz, 886 F.2d 973, 980 (7th Cir.1989). The narrow exception to this jurisdictional rule occurs when the district court's decision results from the court's mistaken belief that it lacked statutory authority to depart downward. United States v. Schechter, 13 F.3d 1117, 1120 (7th Cir.1994). There is no indication that the sentencing court mistakenly believed it did not have authority to depart downward. Because we do not have jurisdiction to review this decision, an appeal from the district court's discretionary ruling would be frivolous.
 
 
 6
 Because we have found no nonfrivolous issues that could be raised on appeal, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED as frivolous.