**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dennis REDDING and William Perez,**
**Defendants–Appellants.**

Nos. 95–1863, 95–1926.

United States Court of Appeals,
Seventh Circuit.

Argued May 23, 1996.

Decided Dec. 26, 1996.

Barry Rand Elden, Chief of Appeals, David Bindi (argued), Office of the United States Attorney, Criminal Appellate Division, Chicago, IL, for Plaintiff–Appellee in Nos. 95–1863 and 95–1926.

Frank Wesolowski (argued), Lisle, IL, for Defendant–Appellant in No. 95–1863.

D. Cameron Findlay (argued), Sidley & Austin, Chicago, IL, for Defendant–Appellant in No. 95–1926.

Before COFFEY, FLAUM, and EASTERBROOK, Circuit Judges.

COFFEY, Circuit Judge.

Defendants Dennis Redding and William Perez pleaded guilty to conspiring to possess cocaine with intent to distribute it. The district court sentenced both defendants to 90 month terms of imprisonment. Defendants now challenge their sentences, arguing that the court wrongly calculated their criminal histories under the Sentencing Guidelines. Because the sentencing court correctly interpreted the Sentencing Guidelines in calculating the defendants' criminal histories, we affirm.

**I.**

Defendants Dennis Redding, William Perez, and four other individuals were indicted for conspiracy to possess cocaine with intent to distribute it. Redding and Perez both agreed to plead guilty in exchange for the government's agreement to move for a departure below the ten-year mandatory statutory minimum sentence, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). The sentence, the parties agreed, would be the greater of eighty months or two-thirds the low end of the applicable range under the Sentencing Guidelines. According to the parties' preliminary calculations, both Redding and Perez fell into Criminal History Category I, while their offense level was 31, yielding a sentence under the Guidelines of 108–135 months. Because two-thirds of 108 yielded only seventy-two months, the preliminary calculations thus indicated that the defendants would receive sentences of eighty months.

The Presentence Investigation Reports (PSR), however, placed both men in Criminal History Category III. For defendant Redding, the Probation Office assigned one criminal history point each for four misdemeanors, including (1) a 1988 juvenile conviction for possession of a controlled substance, for which Redding received six months probation and a $100 fine; (2) a 1988 adult conviction for operating a vehicle while intoxicated, for which he was fined $575; (3) a 1991 conviction for possession of a controlled substance, for which he was fined $150; and (4) a 1993 conviction for carrying a concealed weapon, for which he was fined $269.79. These four criminal history points placed Redding in Category III. Redding's counsel filed written objections to including the second and fourth violations in his criminal history, arguing that because they were municipal ordinance violations, they should be considered civil fines rather than criminal convictions. The district court rejected Redding's arguments. Based on the PSR, the court found that Redding's Criminal History Category III, combined with an offense level of 31, produced a sentencing range of 135–168 months. The government, as agreed in the plea agreement, moved for a downward departure to

two-thirds of 135 (90 months). The sentencing court granted the motion, and sentenced Redding accordingly.

The PSR for defendant Perez disclosed that he had five prior convictions. The Probation Office assessed two criminal history points for a 1993 conviction for fleeing an officer, for which Perez received eight months in jail and a $300 fine. One criminal history point was also assessed for each of four juvenile convictions, including (1) a 1988 conviction for attempted theft, for which Perez received a year's probation; (2) a charge of possession of a dangerous weapon by a child, to which Perez pleaded no contest and for which he received ten months' probation; (3) a 1990 conviction for vandalism entered when Perez failed to appear in court to answer a municipal ordinance citation, for which he was fined $55 and had his driver's license suspended for ninety days; and (4) a 1990 conviction for assault and battery, also entered when Perez again failed to appear in court to answer a municipal ordinance citation, for which he was again fined $55 and had his driver's license suspended for 90 days. The six criminal history points placed Perez, too, in Criminal History Category III. At a pre-sentencing hearing, Perez' counsel raised an initial objection to including as part of his criminal history the incidents where Perez failed to appear, but dropped his protest when the district judge suggested that Perez' criminal history category would be the same even if the incidents were omitted. Perez filed no written objections to the PSR, nor did his counsel object to the PSR at sentencing.[1] After granting the government's motion for a downward departure, the court sentenced Perez, like Redding, to ninety months in prison.

## II.

### A. Defendant Redding

█ Redding reiterates on appeal his assertion that the sentencing court should not have considered either the 1988 drunk driving incident, or the 1993 incident of carrying a concealed weapon, in calculating his criminal history. These incidents, he argues, were merely violations of Milwaukee city ordinances and, according to Redding, municipalities lack the power under Wisconsin law to enact criminal statutes. Therefore, Redding continues, for purposes of establishing a criminal history under the Sentencing Guidelines, both incidents resulted simply in civil fines, not criminal convictions, and the sentencing court should not have included the violations in calculating his criminal history. We review *de novo* a sentencing court's determination that a conviction counts as a prior sentence under the criminal history provision of the Sentencing Guidelines. *United States v. Booker*, 71 F.3d 685, 688 (7th Cir.1995).

Redding's argument is contrary to the law of this circuit. We have previously ruled that the Guidelines include a prior conviction for driving while intoxicated in violation of a local ordinance as a prior sentence for calculating a defendant's criminal history category. *United States v. LeBlanc*, 45 F.3d 192, 193–95 (7th Cir.1995) (citing U.S.S.G. § 4A1.2, Application Note 5).[2] Redding attempts to distinguish *LeBlanc* by pointing out, correctly, that it did not address his contention that Wisconsin municipalities lack constitutional authority to enact criminal ordinances. This argument, which challenges neither the authority of Wisconsin municipalities to enact ordinances prohibiting, i.e., drunk driving, nor the competency of state courts to enforce such ordinances by imposing fines and suspending licenses, is too formalistic. The Guidelines are not simply concerned with the label placed upon conduct taken into consideration at sentencing, but also with the nature of the conduct itself. *See, e.g.*, U.S.S.G. Ch. 1 Pt. A(4)(a) (Policy Statement) (Guidelines do not "track purely

---

1. According to the transcript of the sentencing hearing, Perez' counsel stated, "At present, we accept for the purposes of this sentencing hearing the calculations regarding criminal history, although I believe that that does not bind Mr. Perez from possible collateral attack regarding these matters."

2. U.S.S.G. § 4A1.2, Application Note 5 reads in pertinent part:

 "Convictions for driving while intoxicated or under the influence (and similar offenses by whatever name they are known) are counted."

statutory language" but "are descriptive of generic conduct"). Indeed, *LeBlanc* recognized the Guidelines' lack of formalism in concluding that "[d]riving while intoxicated offenses, and similar offenses *by whatever name they are known,* count as prior sentences." *Id.* at 195 (emphasis added) (adapting U.S.S.G. § 4A1.2 Application Note 5). Including Redding's drunk driving offense as part of his criminal history is thus consistent with both the guidelines and their commentary, and the law of this circuit.

The holding of *LeBlanc* does not cover Redding's conviction for possessing a concealed weapon, nor did the sentencing court separately discuss that conviction. Nonetheless, it too is clearly a prior sentence within the meaning of the Guidelines. The Guidelines do exclude many local ordinance violations from consideration in calculating a criminal history, but the exclusion does not encompass "local ordinance violations that are also criminal offenses under *state* law." U.S.S.G. § 4A1.2(c)(1) (emphasis added). Carrying a concealed weapon indisputably violates Wisconsin law. Wisc. Stat. § 941.23. As a result, Redding's weapons conviction under the municipal ordinance should be included as part of his criminal history.

 Finally, Redding claims that the record does not clearly establish that he was represented by counsel when he appeared in court for the weapons violation. Therefore, he argues, citing *United States v. Mitchell,* 18 F.3d 1355 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 640, 130 L.Ed.2d 546 (1994), that conviction is presumptively void and should not be included in his criminal history. A prior conviction may be collaterally attacked at sentencing where a defendant claims he was unconstitutionally deprived of counsel. *United States v. Arango–Montoya,* 61 F.3d 1331, 1336 (7th Cir.1995). Nonetheless, Redding construes our caselaw too broadly. Under *Mitchell* and *Arango–Montoya,* a prior conviction is presumptively void for sentencing purposes only where an un-

constitutional deprivation of counsel is "plainly detectable from a facial examination of the record." *Mitchell,* 18 F.3d at 1361. In the case at bar, the record is at best ambiguous: it is neither clear that Redding had counsel, nor is it clear that he lacked counsel. The defendant bears the burden of proving that a prior conviction "was infected by constitutional error." *Cuppett v. Duckworth,* 8 F.3d 1132, 1136 (7th Cir.1993) *(en banc).* Because "[w]e accord a strong presumption of constitutional validity [to] state judicial proceedings," *id.* (internal quotation omitted), we hold that Redding, by pointing to a merely ambiguous record, has presented an insufficient basis for collaterally attacking a prior state conviction at sentencing.

### B. Defendant Perez

 Perez also attempts to challenge the calculation of his criminal history, arguing that the two default judgments entered against him for violating municipal ordinances should not be considered convictions for the purposes of sentencing, and that his juvenile conviction for weapons possession is an excludable offense within the meaning of U.S.S.G. § 4A1.2(c)(1). Unfortunately for Perez, he waived these arguments at his sentencing hearing. Such waiver occurred notwithstanding the fact that Perez' counsel brought the arguments to the district court's attention at a pre-sentence hearing: the transcript of the sentencing hearing indisputably established that Perez "accept[ed] for the purposes of this sentencing hearing the calculations regarding criminal history."[3] We hold that by this statement, Perez intentionally relinquished and abandoned his arguments. *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 1776–77, 123 L.Ed.2d 508 (1993). Unlike forfeiture, waiver is not subject to plain error analysis, because the waiver extinguishes any error. *Id.* As a result, we refuse to disturb Perez' sentence on appeal.

---

**3.** As already noted (*supra* note 1), Perez' counsel added that he believed his decision not to challenge the calculation of Perez' criminal history "does not bind Mr. Perez from possible collateral attack regarding these matters." If by "possible collateral attack" counsel referred to a possible

*habeas* petition, he is wrong: arguments based on the Sentencing Guidelines must be raised on direct appeal or not at all. *Scott v. United States,* 997 F.2d 340 (7th Cir.1993); *Durrive v. United States,* 4 F.3d 548 (7th Cir.1993).

## CONCLUSION

Redding's municipal ordinance violations resulted in "prior sentences" within the meaning of the Sentencing Guidelines. Perez waived his right to challenge the calculation of his sentence. Consequently, both were properly sentenced under the Guidelines and according to the plea agreement which they reached with the government.

AFFIRMED.