**United States Court of Appeals**
FOR THE EIGHTH CIRCUIT

_____

No. 97-1500

_____

United States of America,  *
                           *
        Appellee,          *
                           * Appeal   from   the   United
States
    v.                     * District Court for the
                           * District of Nebraska.
Abisai Loya-Guzman,        *
                           *          [UNPUBLISHED]
        Appellant.         *

_____

                            Submitted:  August 5, 1997
                                    Filed: August 19,
1997

_____

Before FAGG, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

    Abisai  Loya-Guzman  pleaded  guilty  to  possessing
methamphetamine with intent to distribute, in violation
of 21 U.S.C. § 841(a)(1) (1994).  Loya-Guzman's total
offense  level  of  nineteen  and  Category  III  criminal
history called for a sentencing guidelines imprisonment
range of thirty-seven to forty-six months.  Nevertheless,
the District Court[1] sentenced him to the statutory minimum
sentence of sixty months, see 21 U.S.C. § 841(b)(1)(B)

_____

[1]The Honorable Thomas M. Shanahan, United States District Judge for the
District of Nebraska.

(1994), and five years supervised release because Loya-Guzman had

more than one criminal history point and thus was not entitled to relief under U.S. Sentencing Guidelines Manual § 5C1.2(1) (1995) (providing for sentencing in accordance with guidelines range, despite any statutory minimum sentence, if defendant meets certain conditions, including not having more than one criminal history point as determined under guidelines). Loya-Guzman appeals, and we affirm.

As he did in the District Court, Loya-Guzman argues that he is entitled to relief under section 5C1.2(1) because of the District Court's improper assessment of criminal history points based on two of his prior state convictions. For purposes of section 5C1.2(1), criminal history points are determined under chapter four of the guidelines. Id. § 5C1.2 comment. n.1. We review de novo the District Court's interpretation of chapter four of the guidelines, and we review for clear error the District Court's application of chapter four to the facts. See United States v. Strange, 102 F.3d 356, 361 (8th Cir. 1996).

Loya-Guzman argues that one of his prior convictions is invalid for purposes of sentencing on the instant offense because he was advised of his constitutional rights in Spanish by means of a video and because the underlying state court documents create an ambiguity as to whether he was represented by counsel when he pleaded guilty. He argues that his other conviction is invalid because it is unclear whether the judge informed him of the possible penalty of probation before he pleaded guilty. We address Loya-Guzman's challenge only concerning the alleged lack of counsel; as the District Court recognized, he cannot otherwise collaterally attack

his prior state convictions during his sentencing for the instant offense.  See U.S. Sentencing Guidelines Manual § 4A1.2 comment. n.6 (1995) (stating that guideline and accompanying commentary "do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law"); United States v. Jones, 28 F.3d 69, 70 (8th Cir. 1994) (per curiam) (concluding that courts must follow plain meaning of section 4A1.2 n.6 unless Constitution requires court to allow a collateral attack at sentencing; "Constitution only requires federal courts to permit a collateral

attack on an earlier state conviction during federal sentencing when the defendant asserts the state court violated the defendant's right to appointed counsel").

We agree with the District Court that Loya-Guzman failed to carry his burden of demonstrating he was uncounseled when he pleaded guilty to the prior offense. The underlying entry-of-plea transcript clearly shows that he had counsel before he pleaded guilty, and we are not persuaded by Loya-Guzman's argument that the written judgment is inconsistent with the plea transcript. See United States v. Early, 77 F.3d 242, 245 (8th Cir. 1996) (per curiam) (concluding that for sentencing purposes, after "government has carried its initial burden of proving the fact of conviction, it is the defendant's burden to show a prior conviction was not constitutionally valid"); United States v. Redding, 104 F.3d 96, 99 (7th Cir. 1996) (stating that a prior conviction is presumptively void for sentencing purposes only where unconstitutional deprivation of counsel is plainly detectable from the record; where record was at best ambiguous, defendant presented insufficient basis for collaterally attacking prior state conviction at sentencing).

Consequently, we conclude that the District Court correctly imposed the statutory minimum sentence of sixty months. See U.S. Sentencing Guidelines Manual § 5G1.1(b) (1995) (where statutorily required minimum sentence is greater than maximum sentence imposed by guidelines range, statutorily required minimum sentence shall be sentence under guidelines). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.