142 F.3d 440
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
United States of America, Plaintiff-Appellee,
v.
Marvin MARTIN, Defendant-Appellant.
 No. 97-2664.
 United States Court of Appeals,
Seventh Circuit.
 .
Argued Jan. 22, 1998.
Decided Apr. 16, 1998.
 
 Appeal from the United States District Court for the Central District of Illinois. No. 96 CR 20068 Harold A. Baker, Judge.
 Before Hon. HARLINGTON WOOD, Jr., Hon. FRANK H. EASTERBROOK, Hon. ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Marvin Martin received a prison sentence of 262 months after pleading guilty to the charge of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846. In this direct appeal, Martin asks that we vacate his sentence and remand his case for resentencing. We find that Martin has not established any basis for that relief, however, and we therefore affirm.
 
 
 2
 The first issue Martin raises relates to the hearing at which he entered his guilty plea. Martin argues that the district court violated Fed.R.Crim.P. 11(e)(2) when it failed to advise him that he would not have the right to withdraw his guilty plea if the court should refuse to accept the sentencing recommendation that the government promised in the plea agreement to make at the time of sentencing. In that plea agreement, the government promised that it would recommend to the court a sentence at the bottom of the applicable Sentencing Guidelines range, although the agreement did not specify or attempt to predict what that range might be. The plea agreement also noted that the court would not be bound to follow the government's sentencing recommendation but that the court would be free to impose any sentence between the statutory minimum and maximum. At the plea hearing, the district court first advised Martin of the statutory minimum and maximum sentences, but the Assistant United States Attorney then indicated that the government had recovered approximately 100 grams of crack cocaine, intimating that Martin should be sentenced under the Guidelines on the basis of that amount. The district court explained to Martin that assuming a criminal history category of III, 100 grams of crack cocaine would provide an imprisonment range under the Guidelines of 151 to 188 months. The court then stated: "So if everything goes against you, if nothing goes right, you could end up with 188 months or 15 and a half years." (R. 44, at 10.)
 
 
 3
 Yet once the presentence investigation was completed, the probation officer recommended that Martin be sentenced on the basis of 3,449.8 grams of crack cocaine, 52.9 grams of powder cocaine, and 1,536 grams of marijuana. The presentence report ("PSR") also recommended a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1, a four-level enhancement for role in the offense under U.S.S.G. § 3B1.1(a), and a two-level enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1). With a three-level reduction for acceptance of responsibility, this produced an adjusted offense level of 43. That offense level and the recommended criminal history of I produced a sentencing range of life imprisonment.
 
 
 4
 Martin objected to three of the PSR's recommendations--the quantity of drugs for which he was being held accountable, the enhancement for obstruction of justice, and the enhancement for possession of a firearm. The government, Martin, and Martin's counsel discussed those objections prior to the sentencing hearing and entered into an agreement resolving them. The government agreed that the enhancements for obstruction of justice and possession of a firearm should not apply, and Martin agreed that the PSR's drug quantity calculation was correct. The parties therefore agreed that Martin's adjusted offense level under the Guidelines was 39. With a criminal history category of I, Martin's offense level produced a sentencing range of 262 to 327 months. The district court then accepted the government's recommendation and imposed a sentence at the bottom of the agreed-upon range.
 
 
 5
 The government concedes that the district court violated Fed.R.Crim.P. 11(e)(2) when it failed to advise Martin at the plea hearing that he would be unable to withdraw his plea if the court refused to accept the government's sentencing recommendation. Yet it argues that any error in the plea colloquy was harmless because the government abided by its promise in the plea agreement when it recommended a sentence at the bottom of the applicable range and the district court proceeded to accept that recommendation. See Fed.R.Crim.P. 11(h) (violations of Rule 11 that do not affect "substantial rights" should be disregarded); see also United States v. Diaz-Vargas, 35 F.3d 1221, 1224 (7th Cir.1994); United States v. Padilla, 23 F.3d 1220, 1221 (7th Cir.1994).
 
 
 6
 We find a more fundamental basis for rejecting Martin's Rule 11 argument, however. The relief that would be afforded to Martin for a violation of Rule 11 would be the opportunity to withdraw his guilty plea to the indictment's conspiracy count and to begin anew in the district court. See McCarthy v. United States, 394 U.S. 459, 468-69, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); Padilla, 23 F.3d at 1224. Yet Martin does not wish to do that. He never requested or argued to the district court that he should be permitted to withdraw his guilty plea, nor would his counsel represent to us at oral argument that he is seeking or would welcome that type of relief from this court. Rather, Martin argues here only that his sentence should be vacated and that his case should be remanded for resentencing.[1] That type of relief is not available for a violation of Rule 11. See Padilla, 23 F.3d at 1224-25. Before Martin would be entitled to have his sentence vacated by this court for resentencing below, which is the only relief he seeks, he would be required to establish some error in that sentence. He does not do that by asserting that there was a violation of Rule 11(e)(2) in the plea colloquy. See id. Thus, because the existence or non-existence of a prejudicial Rule 11 violation is irrelevant to the relief Martin seeks, we need not consider whether the violation here may be considered harmless.
 
 
 7
 Martin next raises a series of objections relating to the district court's drug quantity determination. His arguments can be reduced to the following: (1) that the information relied on to support the drug quantity determination was not reliable, and (2) that the district court failed to make sufficient findings to support that determination. But as the government points out, Martin and his counsel expressly agreed below, and indicated their agreement before the district court on the record, that the PSR's drug quantity determination was correct. (See July 2, 1997 Tr. at 17-18.) In return for their agreement on that point, the government conceded that Martin should not be assessed separate two-level enhancements for obstruction of justice and possession of a firearm, which the PSR had recommended. Indeed, Martin and the government expressly agreed that Martin's adjusted offense level under the Guidelines would be 39. The district court accepted the stipulation and agreement of the parties and sentenced Martin on that basis. (Id. at 19.) On this record, then, it is clear that Martin intentionally relinquished and abandoned his right to challenge the PSR's drug quantity recommendation, thereby waiving rather than forfeiting the arguments he now makes here. See United States v. Olano, 507 U.S. 725, 732-33, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); see also United States v. Redding, 104 F.3d 96, 99 (7th Cir.1996). As a result, Martin cannot now raise any question about the reliability of the evidence supporting the district court's drug quantity determination or about the adequacy of the court's findings. Indeed, in the face of such an express waiver, we need not even inquire into whether the alleged error Martin asserts may qualify as "plain" under Fed.R.Crim.P. 52(b), as any error was effectively extinguished by the waiver we have noted. See Young v. United States, 124 F.3d 794, 798 (7th Cir.1997), petition for cert. filed, No. 97-6853 (U.S. Nov.19, 1997); United States v. Davis, 121 F.3d 335, 337-38 (7th Cir.1997) ("When a right is waived, it is not reviewable, even for plain error."); United States v. Boyd, 86 F.3d 719, 722 (7th Cir.1996), cert. denied, 520 U.S. 1231, 117 S.Ct. 1825, 137 L.Ed.2d 1032 (1997); United States v. Ross, 77 F.3d 1525, 1542 (7th Cir.1996); United States v. Lakich, 23 F.3d 1203, 1207 (7th Cir.1994).
 
 
 8
 For these reasons, Martin's sentence is AFFIRMED.
 
 
 
 [1]
 Martin's reluctance to withdraw his plea and to proceed to trial is understandable, for he would again face the possibility of life imprisonment under the Guidelines if he were convicted. Indeed, such a range would be all the more likely at that point when Martin in all probability would not be afforded the same three-level reduction for acceptance of responsibility that he received after his guilty plea