**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Maurice PARKER, Defendant–
Appellant.**

No. 99–3505.

United States Court of Appeals,
Seventh Circuit.

Submitted March 12, 2001.

Decided March 12, 2001.

Before BAUER, KANNE, and ROVNER, Circuit Judges.

ORDER

Maurice Parker pleaded guilty to kidnapping in violation of 18 U.S.C. § 1201(a)(1) and to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 86 months' imprisonment. He filed a notice of appeal, but his appointed appellate counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), claiming that all potential grounds for appeal are frivolous. Pursuant to Circuit Rule 51(b), Parker was notified that he could respond to his attorney's motion to withdraw, and he timely filed a response. After reviewing the record only as it relates to the potential issues identified in counsel's *Anders* brief and in Parker's response, *see United States v. Tabb*, 125 F.3d 583 (7th Cir.1997); *United States v. Wagner*, 103 F.3d 551 (7th Cir.1996), we conclude that an appeal would be frivolous. Accordingly, we grant counsel's motion to withdraw and dismiss the appeal.

As an initial matter, we agree with counsel's conclusion that Parker would be deemed to have waived all challenges to the calculation of his sentence. Where a defendant knows he has a right to object to his sentence calculation, and af-

firmatively decides not to object, he waives his right to appeal that calculation. *United States v. Staples,* 202 F.3d 992, 995 (7th Cir.2000). Here, Parker expressly stated during the sentencing hearing that he was "in agreement with the calculations" contained in the presentence report (PSR) and adopted by the district court. The transcript of the sentencing hearing thus establishes that Parker affirmatively accepted the findings of the PSR, and so any appeal challenging those findings would be frivolous.

■ Notwithstanding his conclusion regarding waiver, counsel proceeds to identify potential challenges that Parker could make to his sentence. He first considered whether Parker could argue that the district court erred in considering local ordinance violations to determine his criminal history category. According to the guidelines, local ordinance violations "that are also criminal offenses under state law" are properly considered in calculating criminal history. U.S.S.G. § 4A1.2(c)(1). Here, the three Milwaukee city ordinance violations for which Parker received additional criminal history points were for assault and battery, annoying phone calls, and theft. Each of these violations is also an offense under Wisconsin law, *see* Wis. Stat. §§ 940.19 (battery), 943.20 (theft), 947.012 (unlawful use of telephone), and thus should have been included as part of Parker's criminal history calculation. *See Staples,* 202 F.3d at 996 (including local ordinance violation for discharging a weapon as part of criminal history because that violation would also be an offense under Illinois law); *United States v. Redding,* 104 F.3d 96, 99 (7th Cir.1996) (including concealed weapons conviction under city ordinance as part of criminal history because the violation would also be an offense under Wisconsin law). We therefore

agree with counsel that any appeal on this ground would be frivolous.

■ Counsel also evaluated whether Parker could challenge the district court's assessment of a two-level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice. We agree that any challenge on this basis would be frivolous. Because Parker stipulated in his plea agreement that he willfully obstructed justice during the investigation of his offense, he waived his right to challenge his sentence on this ground. *United States v. Fiore,* 178 F.3d 917, 925 (7th Cir.1999).

■ Counsel next considered whether Parker could argue that two of the offenses used to calculate his criminal history were "related cases" and should therefore have been treated as a single sentence under U.S.S.G. § 4A1.2(a)(2). According to counsel, Parker believes that because two of his prior sentences were imposed concurrently, they should not have been counted separately for criminal history purposes. We agree with counsel that even if the district court did err in this regard, such error would be found harmless because it did not affect the district court's determination of Parker's criminal history category. Parker was assessed a total of nine criminal history points, which placed him in criminal history category IV. The two cases that Parker apparently believes are "related" resulted in two and three criminal history points being assessed respectively. The guidelines, however, specifically instruct the district court to "[u]se the longest sentence of imprisonment if concurrent sentences were imposed." U.S.S.G. § 4A1.2(a)(2). Thus, even if these two prior offenses were treated as "related," Parker would have only two fewer criminal history points--or a total of seven points--which would still place him in criminal history category IV. U.S.S.G. Ch. 5 Pt. A. Because this alleged

error would therefore be considered harmless, an appeal on this ground would be frivolous. *See United States v. Newman,* 144 F.3d 531, 543 (7th Cir.1998) (this court need not address allegations of errors that did not affect the district court's selection of the sentence imposed).

■ Counsel lastly reviewed whether Parker could argue that his trial attorney was ineffective. As counsel notes, however, there is no evidence in the record of deficient performance, and thus, the issue is not ripe for appellate adjudication. *United States v. Garrett,* 90 F.3d 210, 214–15 (7th Cir.1996).

We next turn to the potential grounds for appeal identified in Parker's Rule 51(b) response. Although Parker's first argument is difficult to discern, he appears to be contending that his guilty plea was not knowing and voluntary because the word "intent"–an essential element of the offense to which he was pleading–was not mentioned in the two-count information or by the district court during the plea hearing. An appeal on this ground would be frivolous. The information, which charges that Parker "willfully and unlawfully" kidnapped the victim, "willfully transported [her] in interstate commerce," and "knowingly possess[ed] a firearm," accurately conveys the statutory elements of the offenses to which Parker was pleading. *See* 18 U.S.C. §§ 922(g)(1), 1201(a)(1). Our independent review of the plea colloquy further confirms that the district court adequately informed Parker of the essential elements and that Parker's plea was therefore knowing and voluntary.

■ Parker next contends that he could present a nonfrivolous challenge to his conviction on the ground that "the alleged

kidnaping was nothing but a lovers quarrel." But defendants who plead guilty waive all objections to their convictions unless the plea agreement expressly reserves the arguments for appeal. *United States v. Behrman,* 235 F.3d 1049, 1052 (7th Cir.2000). Parker's plea agreement did not reserve any arguments, and so an appeal on this ground would be frivolous.

For the above reasons, we GRANT counsel's motion to withdraw and DISMISS Parker's appeal.