**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lawrence T. VERSEY, Defendant–**
**Appellant.**

**No. 00–2951.**

United States Court of Appeals,
Seventh Circuit.

Submitted July 25, 2001.

Decided Aug. 9, 2001.

Before Hon. FLAUM, Chief Judge, Hon. EASTERBROOK, Hon. KANNE, Circuit Judges.

### ORDER

Lawrence Versey pleaded guilty to aiding and abetting the distribution of marijuana, 21 U.S.C. § 841(a)(1), brandishing a firearm during and in relation to that offense, 18 U.S.C. § 924(c)(1)(A)(ii), and being a felon in possession of a firearm, 18 U .S.C. § 922(g)(1), and was sentenced to 161 months' imprisonment. Versey filed a notice of appeal, but his attorney, finding no legal grounds on which to base an appeal, has moved to withdraw in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Versey has not filed a response. Because counsel's brief is facially adequate, we limit our review to the issues raised therein. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997).

█ Counsel first considers whether Versey might argue that his plea was not knowing and voluntary. But the procedures required by Federal Rule of Criminal Procedure 11 are designed to ensure that pleas are knowing and voluntary, *see United States v. Wagner,* 996 F.2d 906, 913 (7th Cir.1993), and the district court followed them carefully. The court ensured that Versey understood the nature of the charges against him, the minimum and maximum penalties, the rights he would waive by pleading guilty, and the applicability of the sentencing guidelines. The court also elicited a factual basis for the plea and thoroughly explained the sentencing process. We review a Rule 11 plea colloquy for plain error when a defendant has not sought to withdraw his guilty plea in the district court, *see United States v. Driver,* 242 F.3d 767, 769–71 (7th Cir. 2001), but even were we to apply the more exacting harmless error standard, *see United States v. Vonn,* 224 F.3d 1152, 1155 (9th Cir.2000) (noting that Rule 11(h)'s harmless error standard applies to all Rule 11 errors), *cert. granted,* — U.S. —, 121 S.Ct. 1185, 149 L.Ed.2d 102 (2001), we would agree with counsel that any argument that Versey's plea was not knowing and voluntary would be frivolous.

Next, counsel considers whether Versey might argue that he was sentenced in excess of the relevant statutory maximums or guideline range or as a result of an incorrect application of the sentencing guidelines. *See* 18 U.S.C. § 3742(a)(1)-(3). Counsel first notes that the consecutive 84–month term of imprisonment Versey received for the felon-in-possession count

was required by statute and did not result from an application of the sentencing guidelines. *See* 18 U.S.C. § 924(c)(1)(A)(ii); U.S.S.G. § 2K2.4(a). The guidelines governed Versey's sentence only with respect to counts one and three, and the district court adopted the PSR's guidelines applications for those counts (except with respect to a three-level reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, which the district court granted.) Because the felon-in-possession count embodied conduct (possession of a firearm) treated as a specific offense characteristic in the guideline applicable to the distribution count, *see* U.S.S.G. §§ 3D1.2(c), 2D1.1(b)(1), the court grouped the two counts and adopted the higher offense level, *see* U.S.S.G. § 3D1.3(a): level 21 (a base offense level of 22 for the felon-in-possession count, *see* U.S.S.G. § 2K2.1(a)(3), plus a two-level increase based on the obliteration of the serial number on the gun Versey possessed, *see* U.S.S.G. § 2K2.1(b)(4), minus three levels for acceptance of responsibility, *see* U.S.S.G. § 3E1.1). The court then assessed 13 criminal history points, placing Versey in criminal history category VI. These calculations yielded a range of 77–96 months' imprisonment. Versey's concurrent 60– and 77–month terms of imprisonment for counts one and three do not exceed this range, nor do they exceed the relevant statutory limits. *See* 21 U.S.C. § 841(b)(1)(D) (5 years); 18 U.S.C. § 924(a)(2) (10 years). Based on these observations, counsel concludes that any challenge to Versey's sentence would be frivolous. We agree.

■ Finally, counsel asserts that Versey waived his right to challenge the district court's sentencing calculations. At sentencing, both Versey and his trial counsel explicitly informed the court that they did not wish to raise any objections to the PSR, and counsel further noted that he *agreed* with the PSR in all respects:

> THE COURT: So the defense is in agreement with the factual statements in the presentence report as well as the guideline application as set forth?
>
> [DEFENSE COUNSEL]: Yes, Your Honor.

Because our cases demonstrate that a clear expression of assent to the PSR waives any objection to it, *see, e.g., United States v. Scanga,* 225 F.3d 780, 783 (7th Cir.2000); *United States v. Redding,* 104 F.3d 96, 99 (7th Cir.1996), we agree with counsel's conclusion that any attempt to challenge the PSR's application of the sentencing guidelines would be frivolous.

Accordingly, we GRANT counsel's Motion to Withdraw and DISMISS the appeal.