UNITED STATES of America,
Plaintiff–Appellee,

v.

Kenneth KRAKOW, Defendant–
Appellant.

No. 01–3119.

United States Court of Appeals,
Seventh Circuit.

Submitted March 20, 2002.

Decided March 20, 2002.

Before BAUER, KANNE, and DIANE P. WOOD, Circuit Judges.

ORDER

Kenneth Krakow pleaded guilty to wrongful conversion of collateral in violation of 18 U.S.C. § 658 after he sold livestock and farm equipment in which the

Farm Service Agency had a security interest. Krakow's presentence report identified the converted collateral as 60 dairy cows and several pieces of equipment having a total value of $35,332.59. Krakow initially objected to this figure because it did not account for depreciation that would have occurred had he not sold the herd or equipment. But at his sentencing hearing, Krakow withdrew this objection, telling the district court through counsel that "we are not going to pursue that" and stating on his own that he had no objections that his lawyer did not raise. The court then adopted the calculations in the presentence report and imposed a sentence of 4 months' imprisonment, 120 days' home confinement with electronic monitoring, and $35,332.59 in restitution.

Krakow now appeals, but his counsel seeks to withdraw because he considers all grounds for appeal frivolous. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's *Anders* brief is facially adequate, and Krakow has declined our invitation to respond under Circuit Rule 51(b), so we limit our review of the record to the potential issues identified by counsel. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam); *United States v. Wagner,* 103 F.3d 551, 553 (7th Cir.1996). Counsel has identified two possibilities, both related to Krakow's sentencing: (1) whether the district court properly computed Krakow's criminal history, and (2) whether the district court properly valued the converted collateral at $35,332.59. We agree with counsel that an appeal based on either ground would be frivolous.

Where a defendant knows he has a right to object to sentencing calculations and affirmatively declines, he waives his right to dispute those calculations on ap-

peal. *United States v. Walton,* 255 F.3d 437, 441–42 (7th Cir.2001). Similarly, if a defendant lodges an objection but later affirmatively abandons it at the sentencing hearing, the objection is waived. *United States v. Redding,* 104 F.3d 96, 99 (7th Cir.1996). And plain error review does not apply in either case. *Walton,* 255 F.3d at 441–42; *Redding,* 104 F.3d at 99. Here Krakow never objected to his criminal history category, even though the district court gave him an opportunity to raise additional objections at sentencing, and Krakow withdrew his objection to the amount of loss involved. Given these waivers, an appeal on either ground identified by counsel would be frivolous.

The motion to withdraw is GRANTED, and the appeal is DISMISSED.