NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 12, 2008[*]
Decided March 14, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 07-1175

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | 06 CR 106 |
| KENNETH SPENCE, *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

Kenneth Spence pleaded guilty to one count of distributing cocaine. *See* 21 U.S.C. § 841(a)(1). By the time he was arrested for this offense, he had been dealing cocaine for a decade. But he cooperated with the government, and on that basis the district court sentenced him to 262 months' imprisonment, well below the guidelines range. Spence filed a notice of appeal, but his appointed lawyers now seek to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because they are unable to discern a nonfrivolous issue to pursue. Counsel's supporting brief is facially adequate, and Spence did not respond to our invitation under Circuit Rule 51(b) to comment on their submission. We limit our review to the potential issues identified in counsel's brief. *See United States v. Maeder,* 326 F.3d 892, 892 (7th Cir. 2003).

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

        Because Spence told counsel that he does not want his guilty plea set aside, counsel appropriately omit any discussion of the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002). The only potential issues counsel consider are whether Spence can challenge the guidelines calculations and whether his prison sentence is reasonable.

        The probation officer concluded that Spence had distributed at least 1.5 kilograms of crack. Using the 2005 version of the sentencing guidelines, the probation officer set a base offense level of 38, *see* U.S.S.G. § 2D1.1(c)(1) (2005), added four levels for Spence's leadership role and two more because he allegedly used a minor to commit the offense, *see id.* §§ 3B1.1(a), 3B1.4, and subtracted three levels for acceptance of responsibility, *see id.* § 3E1.1. This total offense level of 41, coupled with a proposed criminal history category of VI, yielded an imprisonment range of 360 months to life. The government, however, notified the probation officer that it could not prove that the offense involved crack or that a minor was used to commit it. Instead, according to the government, Spence was responsible only for the distribution of 50 to 150 kilograms of powder cocaine, which decreased his base offense level to 36. *See* U.S.S.G. § 2D1.1(c)(2) (2005). With that correction and without the adjustment for using a minor, Spence's total offense level dropped to 37. The probation officer also agreed with an objection Spence made about his criminal history category and revised it down to category V. The probation officer thus calculated an imprisonment range of 324 to 405 months.

        At sentencing Spence agreed with the probation officer's revised calculations and abandoned other objections he made to the original presentence report. The government filed a motion under U.S.S.G. § 5K1.1 because Spence had provided substantial assistance, and Spence argued that his cooperation warranted a reduction equivalent to three or four offense levels. The court granted Spence the equivalent of a two-level reduction and sentenced him to 262 months' imprisonment to be followed by eight years' supervised release.

        Counsel correctly conclude that challenging Spence's prison sentence would be frivolous. Spence waived any argument against the guidelines calculations when he made a strategic decision at sentencing to agree with the calculations after the government had notified the probation officer that it could not prove that he had sold crack or used a minor to commit the offense. *See United States v. Sanchez*, 507 F.3d 532, 539 (7th Cir. 2007); *United States v. Brodie*, 507 F.3d 527, 531-32 (7th Cir. 2007); *United States v. Redding*, 104 F.3d 96, 99 (7th Cir. 1996). Moreover, the extent to which the district court chooses to reduce a defendant's sentence for substantial assistance is entirely within its discretion, rendering frivolous any argument that Spence deserved a greater reduction for substantial assistance. *See United States v. Blue,* 453 F.3d 948, 953 (7th Cir. 2006); *United States v. Schuh*, 289 F.3d 968, 974 (7th Cir. 2002). Otherwise, because Spence received a sentence below the guidelines range, it is difficult to conceive of an argument that would convince us that his sentence is unreasonably high. *See United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005).

        Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.