165 F.3d 33
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Nicholas ISAJIW, Defendant-Appellant.
 No. 97-2515.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 10, 1998.
Decided Aug. 19, 1998.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. No. 96-CR-36. Rudolph Randa, Judge.
 Before Hon. WALTER J. CUMMINGS, Hon. ILANA DIAMOND ROVNER, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 A jury found Nicholas Isajiw guilty on all six counts of a superseding indictment charging him with two counts of possessing a "firearm," specifically two homemade silencers (Count 1) and a destructive device (Count 2), made in violation of Chapter 53 of the Internal Revenue Code, 26 U.S.C. § 5861(c); two counts of possessing the silencers (Count 3) and destructive device (Count 4) although they were not registered in the National Firearms Registration and Transfer Record, 26 U.S.C. § 5861(d); and two counts of possessing the silencers (Count 5) and destructive device (Count 6) although they were not identified by serial number, 26 U.S.C. § 5861(I). Isajiw's appellate attorney seeks to withdraw on the ground that there are no nonfrivolous issues to be raised on appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); United States v. Wagner, 103 F.3d 551 (7th Cir.1996). Pursuant to Circuit Rule 51(a), Isajiw was notified of his counsel's actions and was given an opportunity to respond, which he did. Because counsel's Anders brief is adequate on its face, we limit our review of the record to those issues raised in counsel's brief and Isajiw's response. Wagner, 103 F.3d at 553; United States v. Tabb, 125 F.3d 583, 584 (7th Cir.1997). Upon consideration of the brief and Isajiw's response, we are satisfied that there are no grounds for a nonfrivolous appeal. Accordingly, we grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 In his Anders brief, counsel identifies five potential appellate issues that, after investigation, he has concluded are frivolous. Isajiw has addressed each of these potential issues and has suggested several others that might be raised on appeal. We address each potential argument in turn.
 
 
 3
 First, counsel identifies the possible appellate argument that the district court erred in failing to suppress homemade firearm silencers and other evidence obtained during a warrantless search of Isajiw's cabin by a Wisconsin probation officer. The potential claim that the firearm silencers should have been suppressed fails because the probation officer had "reasonable grounds" to search Isajiw's cabin. See United States v. Griffin, 483 U.S. 868, 875-76, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987); United States v. Coleman, 22 F.3d 126, 130 (7th Cir.1994). Here, the probation officer received directions from her supervisor to search Isajiw's cabin as required under WIS. ADM. CODE DOC § 328.21(3)(a). The supervisor received reliable information from law enforcement personnel that Isajiw was a dangerous individual, that he had a firearm, and that he may have violated the conditions of his probation by harassing a law enforcement officer. This provided the "reasonable grounds" needed to search. Isajiw maintains that, because the disorderly conduct conviction for which he was on probation was a misdemeanor and not a felony, he could legally possess the firearm silencers. He also contends that Wisconsin probation regulations only apply to convicted felons. These arguments are frivolous for several reasons. First, a condition of Isajiw's probation related to the disorderly conduct conviction was that he could not possesses firearms. Second, there is no indication in the Wisconsin statutes or case law that the probation regulations apply only to felons. Thus, any such challenge to the denial of the motion to suppress would be frivolous.
 
 
 4
 In his Rule 51(a) response, Isajiw asserts that the search of his Calumet County residence, where the police officers found the destructive device, was unconstitutional, and, therefore, the device should have been suppressed. Isajiw's residence was searched pursuant to a search warrant, and, although he complains that the affiant was prejudiced against him, Isajiw does not suggest any theory under which the evidence obtained in executing the warrant should have been suppressed. According to the exception to the exclusionary rule announced in United States v. Leon, 468 U.S. 897, 918-23 (1984), a search is valid if it is executed by an officer who reasonably and in good faith believes there was probable cause to issue the warrant. There are exceptions to the Leon "good faith" rule; however, the affiant's lack of neutrality is not one of them. See id. at 924. Accordingly, any claim that the search of Isajiw's Calumet County residence was unconstitutional would be frivolous on appeal.
 
 
 5
 In his Anders brief, counsel next identifies the potential argument that the district court erred by not dismissing the indictment due to prosecutorial misconduct before the grand jury. In his Rule 51(a) response, Isajiw contends that the prosecutor introduced irrelevant and inflammatory evidence to the grand jury and that such evidence caused him to be indicted. Under these circumstances, the petit jury's subsequent guilty verdict after the jury trial means that there was both probable cause to believe that Isajiw was guilty as charged and that he was in fact guilty as charged beyond a reasonable doubt. United States v. Mechanik, 475 U.S. 66, 70, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986). Hence, any error in the grand jury proceeding was harmless error.
 
 
 6
 Counsel next suggests as a possible appellate issue that the prosecution "overcharged" Isajiw with the possession of illegal "firearms" when, instead, the objects were only "silencers." This issue was not preserved for appeal; thus, it is forfeited. United States v. Davis, 121 F.3d 335, 337-38 (1997). In any event, 26 U.S.C. § 5845(a)(7) defines "firearm" for Title 26 purposes to include "any silencer (as defined in section 921 of title 18, United States Code)."
 
 
 7
 Isajiw asserts that an item cannot be considered a silencer unless it can be established that it was intended to be used solely as a silencer. The definition of a silencer, however, is not as narrow as Isajiw suggests. We have previously discussed the definition of "firearm silencer" concluding that "it can even include a single part that is intended only for use in making a silencer." United States v. Syverson, 90 F.3d 227, 232 (7th Cir .) (emphasis added), cert. denied, --- U.S. ----, 117 S.Ct. 435, 136 L.Ed.2d 333 (1996). As such, the statute does not require that the intended, sole use of the object is that of a silencer --- that is just one definition of "firearm silencer" under § 921(a)(24). We agree with counsel that any such claim on appeal would be frivolous.
 
 
 8
 Isajiw also asserts that the government did not prove that the items uncovered at his residence, including modified oil filters, were silencers. There was an overwhelming amount of testimony from the ATF agents concerning the various items found. For instance, a special agent testified about how the items could be modified to decrease the sound of a gun report and that he concluded that the items found, including the oil filters, had the characteristics of being adapted for use as silencers. Viewing the evidence in a light most favorable to the government, there is sufficient evidence from which a rational jury could have found that the component parts constituted silencers. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
 
 
 9
 Counsel's fourth potential ground for appeal is that the district court erred in not granting Isajiw a downward departure at sentencing due to "mental illness" under U.S.S.G. § 5K2.13. This court will not review a sentencing court's discretionary decision not to depart downward under § 5K2.13 unless the court has the mistaken belief that it lacked statutory authority to depart downward, which is not the case here. United States v. Schlechter, 13 F.3d 1117, 1119-20 (7th Cir.1994). We conclude this argument would be frivolous on appeal.
 
 
 10
 Finally, counsel considers the potential argument that Isajiw's trial counsel was constitutionally ineffective. Isajiw claims that his trial counsel "abandoned" him after trial by not representing him on appeal. This ineffective assistance of counsel claim is better suited for collateral review because we believe that an assessment beyond the scope of the trial record may be necessary. United States v. Woolley, 123 F.3d 627, 634 (7th Cir.1997).
 
 
 11
 In his Rule 51(a) response, Isajiw raises additional potential grounds for appeal. First, he asserts that this court lacks jurisdiction because 26 U.S.C. § 5861(d) has no nexus in interstate commerce and, thus, is unconstitutional. However, this court has upheld § 5861(d) as a permissible exercise of Congress' taxing power, making Isajiw's claim frivolous. United States v. Copus, 93 F.3d 269, 275-76 (7th Cir.1996). Isajiw also relies on United States v. Dalton, 960 F.2d 121 (10th Cir.1992), for the proposition that the statutes under which he was convicted were a sham and had no revenue raising purpose. In Dalton, the Tenth Circuit analyzed the interplay of various provisions of the National Firearms Act (NFA) and 18 U.S.C. § 922(o), which generally prohibits the transfer or possession of a machinegun. Id. at 125-26. The Tenth Circuit reasoned that § 922(o) undercut the constitutional basis for registration under the NFA because the NFA sections punished the defendant for failure to register a machinegun while § 922(o) makes such registration irrelevant. Id. at 126. Here, Isajiw was not convicted of the unlawful transfer or possession of a machinegun. He has also failed to show how the reasoning in Dalton applies to his convictions. Therefore, any such argument on appeal would be frivolous.
 
 
 12
 Second, Isajiw suggests the possible appellate argument that the district court improperly instructed the jury regarding Counts 3 and 4 of the indictment, i.e., possessing firearm silencers and a destructive device that were not registered in the National Firearms Registration and Transfer Record. Isajiw, relying on United States v. Staples, 511 U.S. 600, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994), contends that the court should have instructed the jury that, in order to convict, it must find that Isajiw knew that registration of his firearm is necessary. However, the pertinent jury instruction explained that the government had to prove that Isajiw knew the firearms had characteristics that made them firearms as defined in § 5845(a), which is the correct, applicable law. Id. at 619. Any such appellate claim would be frivolous.
 
 
 13
 Third, Isajiw proposes to argue that the evidence presented at trial regarding the destructive device was insufficient to show that it was an explosive device under the charging statutes. The definition of destructive device includes "any type of weapon by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant." 26 U.S.C. § 5845(f). At Isajiw's trial, an ATF explosives officer testified that he examined the improvised device found in Isajiw's home, concluding that the homemade device was a component of a booby-trap explosive mine. The officer explained that a 12-gauge shotgun shell could be inserted into the device, which was constructed with a length of pipe and used a coil spring as a firing pin. Considering the evidence in a light most favorable to the government, there was sufficient evidence from which a rational jury could have found that the improvised device was an explosive device prohibited by the statute. Jackson, 443 U.S. at 319. Accordingly there can be no nonfrivolous argument raised on appeal with respect to this issue.
 
 
 14
 Next, Isajiw claims that the government's case was "wholly circumstantial," and, thus, the government failed to prove the charges against him. It is well-established that circumstantial evidence is not less probative than direct evidence and that a jury is entitled to infer knowledge from circumstantial evidence. United States v. Ranum, 96 F.3d 1020, 1026 (7th Cir.1996), cert. denied, 519 U.S. 1094, 117 S.Ct. 773, 136 L.Ed.2d 718 (1997); United States v. Uriostegui-Estrada, 86 F.3d 87, 89 (7th Cir.1996). Therefore, this claim on appeal would be frivolous.
 
 
 15
 Isajiw would argue that the government did not establish that he had actual or constructive possession of the firearm silencers and destructive device. Various witnesses testified that firearms and ammunition were found in Isajiw's cabin and that parts of destructive devices were located in his other residence, establishing that Isajiw exercised control over the firearms. See United States v. Kitchen, 57 F.3d 516, 521 (7th Cir.1995) (firearm seized at defendant's residence establishes constructive possession). Any such claim on appeal would be frivolous.
 
 
 16
 Isajiw asserts as a potential ground for appeal that the district court erred by allowing the government to introduce irrelevant and inflammatory evidence that prejudiced him. Evidence is permissible under Federal Rule of Evidence 403 if the evidence's probative value is not substantially outweighed by the danger of unfair prejudice. United States v. Kizeart, 102 F.3d 320, 325 (7th Cir.1996). Isajiw complains that a letter evidencing his prior knowledge of proscriptions making firearms illegal was prejudicial because he wrote it after his arrest. The letter, however, was probative of his prior knowledge, regardless of when it was written. Therefore, the probative value of the letter was not substantially outweighed by the danger of unfair prejudice, and any such claim on appeal would be frivolous. See id. In addition to the letter, Isajiw complains that the ATF agents' reference to his service record in the Vietnam War gave the jury the impression that he was a violent killer and that the admission of other guns into evidence portrayed him as a "gun nut." Because these issues were not properly preserved for appeal, they are forfeited. Davis, 121 F.3d at 337-38.
 
 
 17
 Isajiw's sixth possible argument for appeal is that the government failed to establish a proper chain of evidence regarding the silencers. This claim is frivolous, because the possibility that the chain of custody was broken goes to the weight of the evidence, not its admissibility. United States v. Brown, 136 F.3d 1176, 1182 (7th Cir.1998).
 
 
 18
 Isajiw's last potential ground for appeal is that the district court erred by enhancing his sentence under U.S.S.G. § 3C1.1, which provides that the sentencing court shall increase the defendant's offense level by two for obstruction of justice. Among the non-exhaustive list of conduct constituting obstruction of justice is "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so." U.S.S.G. § 3C1.1, comment (n.3(a)). The district court's basis for applying the adjustment involved a letter Isajiw sent to his former wife, a prosecution witness. Isajiw said in his letter that he was going to file a civil lawsuit against her for libel, slander, and making false statements to the ATF. The district court concluded that Isajiw's threats of both legal action and filing a lien against the witness' property constituted intimidation. Because there was no clear error in the district court's conclusion, any appeal to the sentencing enhancement under § 3C1.1 would be frivolous. United States v. Pippen, 115 F.3d 422, 425 (7th Cir.1997).
 
 
 19
 Because we conclude that there are no nonfrivolous issues for appeal, we GRANT counsel's motion to withdraw and DISMISS the appeal as frivolous.[1]
 
 
 
 [1]
 After appellate counsel filed his motion to withdraw as counsel and accompanying Anders brief, Isajiw moved for substitution of counsel requesting that he be allowed to proceed on appeal as his own counsel. However, there is no Sixth Amendment right to self-representation on appeal. Lumbert v. Finley, 735 F.2d 239, 244 (7th Cir.1984). Furthermore, because we find no nonfrivolous issues for appeal and dismiss the appeal as frivolous, Isajiw's motion for substitution of counsel is denied as moot