**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Juan ESPINO–OCHOA, Defendant–Appellant.**

**No. 00–6699.**

United States Court of Appeals,
Sixth Circuit.

Oct. 31, 2001.

Before SILER and COLE, Circuit Judges; STAFFORD, District Judge.*

---

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

## ORDER

Juan Espino–Ochoa appeals the sentence of imprisonment imposed upon his guilty plea to illegally re-entering the United States without prior permission from the Attorney General in violation of 8 U.S.C. § 1326. The parties have waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

At sentencing, Espino–Ochoa moved the district court to limit his sentence of imprisonment to a two-year maximum in accordance with 8 U.S.C. § 1326(a). In support of his motion, Espino–Ochoa asserted that the indictment charging him with the offense did not charge that he had been convicted of an aggravated felony at the time he illegally re-entered the United States, and he did not admit or stipulate at his change of plea that he had been convicted of an aggravated felony at the time he unlawfully re-entered the United States. Because the aggravated felony was not included in his indictment, Espino–Ochoa argued that he should only be subjected to the two-year penalty set out in § 1326. Espino–Ochoa cited the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), for the proposition that a prior aggravated felony is an element of a separate offense in § 1326(b)(2), and that it must be charged in the indictment, submitted to the jury, and proven beyond a reasonable doubt. The district court overruled Espino–Ochoa's motion, found that Espino–Ochoa had previously been deported subsequent to conviction for an aggravated felony, and sentenced Espino–Ochoa to forty-six months of imprisonment.

In his timely appeal, Espino–Ochoa essentially reasserts the argument set forth in the district court. Espino–Ochoa candidly concedes that in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that a prior aggravated felony is a sentencing factor under § 1326, but he contends that the decision in *Apprendi* limits or abrogates the *Almendarez–Torres* holding.

The issue in this case involves the application of law to a given set of facts that this court reviews de novo. *United States v. Brown*, 988 F.2d 658, 660 (6th Cir.1993).

Upon review, we conclude that Espino–Ochoa's argument is unavailing. He contends that the Supreme Court's decision in *Apprendi* limits or abrogates the Court's decision in *Almendarez–Torres*, and entitles him to a sentence below the two-year maximum set forth in § 1326(a). The decision in *Apprendi* was foreshadowed in *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), which held that serious bodily injury or death was an element under the federal carjacking statute. In both *Apprendi* and *Jones* the Court discussed and distinguished its earlier decision in *Almendarez–Torres* which upheld a sentencing enhancement under 8 U.S.C. § 1326(b) based upon the defendant's prior conviction for an aggravated felony. Espino–Ochoa argues that *Apprendi* should be extended to prohibit the use of a prior conviction to increase the maximum statutory penalty unless the issue is submitted to the jury and proved beyond a reasonable doubt. While the Court in *Apprendi* suggested it might reconsider the recidivist issue in the future, it nonetheless declined to revisit its earlier decision upholding a sentencing enhancement based on the defendant's prior conviction. *Almendarez–Torres* remains the law of the land, *United States v. Gatewood*, 230 F.3d 186, 192 (6th Cir.2000) (en banc), and it is indistinguishable from the immediate case. As was the case in *Almendarez–Torres*, Espino–Ochoa's case presents circumstances wherein there exists both the certainty that procedural safeguards

attached to any fact of prior conviction, and the reality that Espino–Ochoa did not challenge the accuracy of that fact in his case.

Accordingly, we hereby affirm the district court's judgment.