**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Teodoro BECERRA–GARCIA, Defendant–Appellant.**

No. 99–6205.

United States Court of Appeals, Sixth Circuit.

Jan. 2, 2002.

Before SILER and CLAY, Circuit Judges, and GRAHAM,* District Judge.

## OPINION

GRAHAM, District Judge.

Defendant–Appellant Teodoro Becerra–Garcia was charged by indictment filed on

February 4, 1999, in the Western District of Tennessee, with one count of illegally re-entering the United States after being deported subsequent to the commission of a felony in violation of 8 U.S.C. § 1326 and four other offenses involving the possession or use of false or stolen identification documents. On April 30, 1999, defendant appeared before the district court for a change of plea hearing pursuant to Fed. R.Crim.P. 11. At that hearing, defendant was to enter a plea of guilty to Count One of the indictment, the illegal re-entry offense, and to an information charging him with one count of making a false statement on a loan application in violation of 18 U.S.C. § 1010. However, the plea hearing was not completed and the proceedings were continued to allow counsel to investigate whether defendant's prior conviction was for a felony or a misdemeanor offense.

On May 21, 1999, defendant again appeared before the district court for the purpose of pleading guilty to the charge of illegal re-entry under 8 U.S.C. § 1326. In a plea agreement filed on that date, defendant agreed to plead guilty to the illegal re-entry charge in Count One of the indictment in exchange for the dismissal of the other counts charged in the indictment. Defendant was not required to plead guilty to the false statements offense charged in the previously filed information, and on June 29, 1999, that information was dismissed on motion of the government. On August 24, 1999, defendant was sentenced to a term of incarceration of forty-six months and a two-year term of supervised release. He filed a notice of appeal on August 26, 1999.

In this appeal, defendant raises two assignments of error. Defendant first alleg-

---

* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

es that the trial court failed to comply with the provisions of Fed.R.Civ.P. 11(c)(3) at the change of plea hearing. That rule provides:

(c) Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:

\*     \*     \*     \*     \*     \*

(3) that the defendant has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury and at that trial the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination[.]

The procedure for accepting guilty pleas under Rule 11 is not constitutionally mandated, but rather is designed to assist the trial judge in making the determination that the defendant's guilty plea is truly voluntary, and to produce a complete record of the factors relevant to this voluntariness determination. *McCarthy v. United States*, 394 U.S. 459, 465, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). The failure to advise a defendant of the constitutional rights codified in Rule 11(c)(3) does not necessarily invalidate the plea, where, under the totality of the circumstances, the plea was voluntary and intelligent and the Rule 11 error was harmless. *United States v. Wagner*, 996 F.2d 906, 913 (7th Cir.1993); Fed.R.Crim.P. 11(h). Where a failure to comply with Rule 11 affects substantial rights and the error is not harmless, the appropriate remedy is to vacate the plea and to remand to the district court to permit the defendant to plead anew. *United States v. Tunning*, 69 F.3d 107, 115 (6th Cir.1995).

■ Defendant correctly notes that the district court did not inform him of his right to a jury trial, or of his rights to the assistance of counsel, to cross-examine witnesses or to refuse to testify at such a trial. However, defendant has also informed his counsel that he does not wish to pursue this issue for reversal, and that he does not want his conviction overturned because of this error. Rather, counsel has briefed this issue because he was directed to do so by this court's order of January 9, 2001.

The intentional relinquishment or abandonment of a known right, such as the right to withdraw a guilty plea due to some error, may constitute a waiver of any objection to the guilty plea. *See United States v. Davis*, 121 F.3d 335, 338 (7th Cir.1997). Such a waiver may occur during an appeal. In *United States v. Lowery*, 60 F.3d 1199, 1205 (6th Cir.1995), this court vacated the judgment on one count due to a Rule 11 error but declined to vacate the judgment as to another count where the defendant had not requested such relief.

Defendant does not maintain that he was unaware of his constitutional rights when he entered his plea, nor has he stated that he would plead not guilty and insist on a trial if this case is remanded and he is given the opportunity to plead anew. By affirmatively indicating that he does not wish to pursue this error and that he does not want his conviction reversed on this ground, defendant has waived any error which occurred in the plea proceedings in this case, as well as any remedy which might be appropriate. This assignment of error is denied.

■ In his second assignment of error, defendant argues that his sentencing range under 8 U.S.C. § 1326 was improperly enhanced with his previous conviction for an aggravated felony. Defendant re-

lies on *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), where the Supreme Court held that issues of fact which increase the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt.

The offense of illegal re-entry of a deported alien prohibits an alien who has been deported from the United States from re-entering the United States without first reapplying to the Attorney General for readmission. 8 U.S.C. §§ 1326(a). The maximum term of imprisonment for this offense is twenty years if the defendant's deportation was subsequent to a conviction for the commission of an aggravated felony. 8 U.S.C. § 1326(b)(2). The term "aggravated felony" includes offenses involving the illicit trafficking in a controlled substance. 8 U.S.C. § 1101(a)(43)(B). The maximum term of imprisonment for this offense is ten years if the defendant's deportation occurred after his commission of a felony other than an aggravated felony or of three misdemeanors involving drugs and/or crimes against the person. 8 U.S.C. § 1326(b)(1). A defendant who was previously convicted of offenses not covered under § 1326(b)(1) and (2) faces a maximum term of imprisonment of not more than two years. 8 U.S.C. § 1326(a).

In this case, defendant received a sentence above the two-year statutory maximum otherwise applicable to an offense under § 1326(a) due to his prior conviction for an aggravated felony, which would normally trigger the *Apprendi* rule. However, in *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that a prior conviction for an aggravated felony under § 1326(b)(2) is not an element of an offense under § 3126(a), but rather is a sentencing factor to be determined by the sentencing court. In *Apprendi*, the Supreme Court specifically excepted the fact of a prior conviction from the rule announced in that case. *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348. Nonetheless, the defendant notes the precise language of *Apprendi*, which states that enhancements "[o]ther than the fact of a prior conviction" must be submitted to a jury. *See Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348. He argues that the type or nature of the prior conviction, that is, whether the offense was a felony or an aggravated felony, entails issues beyond the scope of the "fact" of a prior conviction which must be proven beyond a reasonable doubt and submitted to a jury. He also notes comments made in the *Apprendi* decision which cast doubt on the continued validity of *Almendarez-Torres*.

This court has held that *Almendarez-Torres* remains the law after *Apprendi*. *See United States v. Gatewood*, 230 F.3d 186, 192 (6th Cir.2000)(en banc). Thus, in *United States v. Espino-Ochoa*, 26 Fed. Appx. 402 (6th Cir.2001), this court followed *Almendarez-Torres* in holding that the enhancement for an aggravated felony conviction under § 3126(b)(2) was not an element of the offense charged under § 1326(a) which was required to be charged in the indictment or submitted to the jury and proven beyond a reasonable doubt. *See also United States v. Adams*, 265 F.3d 420, 425 (6th Cir.2001)(appropriate for trial court to determine existence of prior convictions by a preponderance of the evidence at sentencing); *United States v. Pacheco-Zepeda*, 234 F.3d 411, 413–14 (9th Cir.2000)(*Almendarez-Torres* is still the law in 1326(a) prosecution); *United States v. Martinez-Villalva*, 232 F.3d 1329, 1331–33 (10th Cir.2000)(fact of prior conviction for aggravated felony under § 1326(b)(2) not an element, but a sentencing factor to be determined by court under preponderance of the evidence standard).

The commission of prior aggravated felonies under § 3126(b)(2) is a sentencing factor for the court to determine even where the defendant does not admit to having committed the prior felonies. *United States v. Arellano–Rivera,* 244 F.3d 1119, 1127 (9th Cir.2001).

Courts have also rejected the argument that *Apprendi* requires that the nature or character of the prior convictions be determined by a jury. In *United States v. Santiago,* 268 F.3d 151 (2d Cir.2001), a prosecution for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), the Second Circuit addressed the question of whether the fact of the defendant's conviction for three violent felonies or serious drug offenses, resulting in a mandatory minimum term of incarceration of fifteen years under 18 U.S.C. § 924(e), was an element or a sentencing factor for the court. The defendant argued that the recidivism exception preserved in *Apprendi* did not encompass the issue of whether the prior convictions arose from offenses committed on separate occasions.

The court stated that the determination of the fact of the prior conviction "implicitly entails many subsidiary findings," and that recidivism "has traditionally been an issue for judges, not juries." *Id.* at 156. The court also noted that it could be detrimental to a defendant to inform a jury that the defendant had committed an aggravated felony in the past. *Id.* Thus, the court stated:

> While some defendants might benefit from a requirement that all facts-except the fact of prior conviction, interpreted in the narrowest possible sense-be found by a jury beyond a reasonable doubt, as a matter of general policy, such a requirement is far more likely to prejudice rather than protect defendants.

*Id.* In concluding, the court commented,

> [W]e read *Apprendi* as leaving to the judge, consistent with due process, the task of finding not only the mere fact of previous convictions but other related issues as well. Judges frequently must make factual determinations for sentencing, so it is hardly anomalous to require that they also determine the "who, what, when, and where" of a prior conviction.

*Id.*

In *United States v. Campbell,* 270 F.3d 702 (8th Cir.2001), the court rejected the defendant's argument that a jury must make the factual findings necessary to determine whether or not the prior convictions used to enhance his sentence for being a felon in possession of a firearm under § 924(e) were for violent felonies or serious drug offenses. In *United States v. Martinez–Garcia,* 268 F.3d 460, 463 (7th Cir.2001), the court held that the district court had the authority to make the finding that the defendant's prior burglary conviction was for an aggravated felony for purposes of the § 1326(b)(2) enhancement.

This court holds that the district court's authority to determine the "fact of a prior conviction" was broad enough in this case to include the factual determination that the defendant's prior conviction was for an aggravated felony.

Even if it is assumed that *Apprendi* applies to factual determinations relating to the nature of the defendant's prior conviction, there was no error in this case because defendant essentially admitted his prior conviction for an aggravated felony. Although there was initially some disagreement at the plea hearing on April 30, 1999, as to whether the defendant had been convicted of an aggravated felony or a misdemeanor, the proceedings were continued to permit counsel to verify the nature of defendant's criminal record. At the plea hearing on May 21, 1999, the

district court addressed the defendant concerning his prior conviction, as follows:

> THE COURT: Do you understand that your attorney and the Assistant United States Attorney believes—both believe that the conviction you had in California, was it?
>
> [DEFENSE COUNSEL]: Yes, Your Honor.
>
> [GOVERNMENT COUNSEL]: Yes, Your Honor.
>
> THE COURT: Was a felony conviction that may well affect your guidelines—your sentencing guidelines?
>
> THE DEFENDANT: Yes.

The court then informed defendant that he was going to request a factual statement from the government as to what the government would be prepared to prove at trial, and he instructed defendant to listen, because the court would be asking defendant whether he disagreed with anything counsel said. Government counsel then stated that the government was prepared to prove at trial that defendant pled guilty in 1988 in the Superior Court of Orange County, California, to a felony charge of willfully and unlawfully transporting and importing marijuana into the state, or attempting to do so. When asked if there was any disagreement with the statements of government counsel, neither defendant nor his counsel raised any objection to the portion of the statement of facts dealing with the prior felony conviction. Defendant's failure to object and his act of pleading guilty after the district court's specific inquiry concerning the import of his prior aggravated felony conviction amounted to a waiver of any objection to that conviction.

The presentence investigation report submitted to the district court stated that on January 15, 1988, defendant was arrested and charged with a felony violation of § 11360(a) of the Health and Safety Code of California, which prohibits willfully and unlawfully transporting, importing into the State of California, selling, furnishing, administering, selling and distributing marijuana or attempting to do so. The report also indicated that on February 11, 1988, defendant was sentenced by the California court to a term of imprisonment of seventy-two days and thirty-six months probation. The probation officer concluded that the sixteen-level enhancement for a conviction for a prior aggravated felony under U.S.S.G. § 2L1.2(b)(1)(A) was appropriate. At the sentencing hearing, defendant asserted no objection to the portions of the presentence investigation report which described his prior conviction as being for an aggravated felony and which used that conviction to enhance his sentencing level.

■ This court has held that where a defendant, in entering a guilty plea, stipulates the factual basis necessary for a sentencing enhancement which is an element of the offense, and where the court did not rely on any facts outside the plea agreement in determining the appropriate sentence, no violation of *Apprendi* occurs. *See United States v. Harper,* 246 F.3d 520, 529–31 (6th Cir.2001). Defendant has admitted the prior conviction by reason of his guilty plea and his failure to object at the sentencing hearing to the enhancement based on his prior conviction. The sentence imposed did not violate *Apprendi* or defendant's due process rights. The second assignment of error is denied.

For the reasons stated above, the judgment of the district court is hereby AFFIRMED.