**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4806

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DENINE MOSES, a/k/a BF,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, Chief District Judge. (CR-03-54)

Submitted: May 31, 2005                    Decided: July 25, 2005

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joan A. Mooney, Morgantown, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Denine Moses appeals his conviction pursuant to his guilty plea to aiding and betting the distribution of heroin within one thousand feet of a playground in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 860 and 18 U.S.C. § 2 (2000). He asserts the district court erred by denying his motion to withdraw his guilty plea. Moses also asserts the district court erred under United States v. Booker, 125 S. Ct. 738 (2005), by imposing a two-level enhancement pursuant to U. S. Sentencing Guidelines Manual § 2D1.1(b)(1) for possession of a firearm in connection with a drug offense.

At the sentencing hearing, Moses claimed he was not guilty as to the count to which he pled guilty. The district court judge found Moses' testimony concerning whether his plea was knowing and voluntary not credible and denied Moses' motion to withdraw his guilty plea. After a recess, Moses recanted his previous testimony, admitted to engaging in the charged conduct, and sought to withdraw the motion to withdraw his guilty plea that the court just denied. The district court reconsidered the motion and permitted Moses to withdraw it.

We conclude that because Moses was permitted to withdraw his motion to withdraw his guilty plea, he has waived any issue concerning the court's denial of the motion to withdraw his guilty plea. See United States v. Olano, 507 U.S. 725, 733 (1993); United

States v. Davis, 121 F.3d 335, 338 (7th Cir. 1997); U.S. v. Rodriquez, 311 F.3d 435, 437 (1st Cir. 2002); United States v. Griffin, 84 F.3d 912, 924 (7th Cir. 1996).

Next, Moses argues the district court erred under Booker and Blakely by imposing a two-level enhancement under USSG § 2D1.1(b)(1) for possession of a firearm in connection with a drug offense. In Booker, the Supreme Court held that Blakely applies to the federal sentencing guidelines and that the mandatory guidelines scheme that provided for sentence enhancements based on facts found by the court violated the Sixth Amendment. Booker, 125 S. Ct. at 746-48, 755-56 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the guidelines, thus making the guidelines advisory. Id. at 756-57 (Breyer, J., opinion of the Court).

Here, the district court imposed a 380-month sentence based, in part, on a two-level enhancement using facts found by the court. Under Booker, the sentence violated the Sixth Amendment. However, the alternative sentence imposed by the district court treating the guidelines as advisory did not violate the Sixth Amendment. Booker, 125 S. Ct. at 769.

Booker states that, in reviewing sentences that do not involve a Sixth Amendment violation, appellate courts may apply the harmless error doctrine in determining whether resentencing is

- 3 -

required.  Booker, 125 S. Ct. at 769; see Fed. R. Crim. P. 52(a) (appellate court may disregard any error that does not affect substantial rights).  The harmless error standard permits an error at sentencing to be disregarded if the reviewing court is certain that any such error "did not affect the district court's selection of the sentence imposed."  Williams v. United States, 503 U.S. 193, 203 (1992).  Here, because the district court imposed an alternative discretionary sentence pursuant to 18 U.S.C. § 3553 (2000) that was identical to the guidelines sentence, the error inherent in the application of the guidelines as mandatory did not affect the court's ultimate determination of the sentence.  Cf. United States v. Hazelwood, 398 F.3d 792, 801 (6th Cir. 2005) (finding error not harmless and remanding where court's comments indicated it might have imposed a lesser sentence under advisory guidelines scheme).  We therefore conclude that any error was harmless.

Finally, this Court reviews a sentence imposed pursuant to § 3553 to determine whether it is reasonable.  Booker, 125 S. Ct. at 764-67 (Breyer, J., opinion of the Court)).  In the instant case, the district court made use of the sentencing guidelines and the other factors under § 3553.  The district court judge noted Moses' extensive criminal history and behavior, both good and bad, in the courtroom.  We conclude that because the district court considered the factors under § 3553 and imposed a sentence within

- 4 -

the calculated sentencing guideline range, the sentence was reasonable.

Accordingly, we deny Moses' motion to relieve appellate counsel, and we affirm Moses' conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>