**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted August 16, 2006
Decided August 17, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-1652

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division |
| *v.* | No. 2:03CR015TLS |
| YOUSEF ZRIAKAT, *Defendant-Appellant*. | Theresa L. Springmann, *Judge*. |

**O R D E R**

Yousef Zriakat pleaded guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. § 371.  As part of his plea agreement, Zriakat waived any right to appeal his conviction, his sentence, or any restitution order "on any ground."  The district court sentenced him to 60 months' imprisonment (the statutory maximum, which fell below the calculated guidelines range), two years' supervised release, and $318,561 in restitution.  Despite the appeal waiver, Zriakat filed a notice of appeal, but his appointed counsel moves to withdraw, stating that he cannot discover a nonfrivolous basis for appeal.  *See Anders v. California*, 386 U.S. 738 (1967).  We invited Zriakat to respond to his counsel's motion, *see* Cir. R. 51(b), and he has done so.  Thus, our review is limited to the potential issues identified in counsel's

facially-adequate brief and in Zriakat's Rule 51(b) submission.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Zriakat might argue that his guilty plea was invalid, and concludes that the option is foreclosed under our decision in *United States v. Davis*, 121 F.3d 335 (7th Cir. 1997), because Zriakat waived an opportunity to withdraw his plea in the district court.  We disagree with counsel's reading of *Davis*, which holds merely that an appellant "is not entitled to a second bite of the apple by raising on appeal the very matter that he told the district court he did not want to raise."  *Id.* at 339; *see also United States v. Phillips*, 239 F.3d 829, 840 (7th Cir. 2001).  Zriakat's waiver below thus cannot have precluded every possible challenge to the validity of his plea.  Nonetheless, we agree that there is no possible basis for a challenge to the plea.  Even if Zriakat had wished to withdraw his plea, we would refuse to allow him to do so because the district court's thorough plea colloquy is sufficient to assure us that the plea was knowingly and voluntarily entered.  *See United States v. Blalock*, 321 F.3d 686, 688-89 (7th Cir. 2003).

Counsel next considers whether there is any other reason Zriakat should not be bound by his appeal waiver.  We have recognized a few exceptions to the general enforceability of appeal waivers, applying, for example, when the district court's sentence is based on constitutionally impermissible criteria such as race, or when it exceeds the statutory maximum for the defendant's crime.  *See United States v. Lockwood*, 416 F.3d 604, 608 (7th Cir. 2005); *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005).  But we agree with counsel that none of these exceptions applies.

Zriakat, in his response, asks us to hold that the district court annulled his appeal waiver because it stated after imposing his sentence: "I now advise you that you can appeal your conviction in this case if you believe that your guilty plea was somehow unlawful or involuntary, or if there's some other fundamental defect in the proceedings that was not waived by your guilty plea."  This argument, however, is frivolous because even if the court had wanted to do so it could not have excised a portion of the plea agreement.  *See United States v. Martin*, 287 F.3d 609, 622 (7th Cir. 2002).  A plea agreement must stand or fall as a whole.  *Id.*  Moreover, it is clear that the district court did not intend to release Zriakat from his waiver.  Subsequent to the language to which Zriakat points, the district court noted that he had waived his right to appeal, and went on to add that "[s]uch waivers are generally enforceable but if you believe the waiver is unenforceable, you can present that theory to the Court of Appeals."  The district court did no more than inform Zriakat of the possibility of exceptions such as those we have just discussed.

Because we conclude that the appeal waiver is enforceable, we need not consider any of the potential issues either counsel or Zriakat raise regarding his

sentence.  We GRANT counsel's motion to withdraw and order that the appeal be DISMISSED.